## J. N. SHAHAN v. J. L. SMITH, *as Sheriff of Reno County.*

REPLEVIN — *Instruction and Verdict, Erroneous.* Where an action is brought against a sheriff or other officer for the possession of specific personal property, and such officer shows that he is in possession thereof, and has a special ownership therein, by virtue of certain orders of attachment levied thereon by him as such officer, and on the question of the defendant's interest in said property, the court gave the jury the following instruction: "If you find for the defendant, you will find in your verdict that the defendant was at such time entitled to the possession of said property, and also the value of the same at the same time;" and the jury return their verdict for the defendant for the return of the property, or in default thereof, its value, and judgment was rendered thereon: *Held,* That said instruction, verdict and judgment are erroneous; and *further held,* that where it is shown that such officer had a special ownership in said property, he is entitled to recover the possession of the property, or in lieu thereof the value of his special interest therein, and not the value of the goods in controversy.

### *Error from Reno District Court.*

REPLEVIN by *Shahan* against *Smith,* as sheriff. Judgment for defendant, at the January Term, 1886. The plaintiff brings the case to this court. The opinion states the material facts.

*Vandeveer & Martin,* and *B. O. Davidson,* for plaintiff in error.

*Whiteside & Gleason,* for defendant in error.

Opinion by CLOGSTON, C.: J. N. Shahan commenced this action to recover possession of a stock of groceries held by the defendant, J. L. Smith, as sheriff of Reno county, by virtue of orders of attachment issued out of the district court of said county, said property having been attached as the property of Freese & Stealey. Plaintiff claimed that he was the owner of the goods in controversy by virtue of a purchase from Freese & Stealey, the former owners of the goods; that he purchased the same to secure an indebtedness due from them to him, and that he paid them the difference in money. The

defendant claimed that the pretended sale from Freese & Stealey to the plaintiff was made for the purpose of hindering, delaying and defrauding the creditors of Freese & Stealey. On this issue the case was submitted to the jury, and judgment was rendered for the defendant.

The principal error complained of by the plaintiff is, that the instructions and judgment as to the amount of defendant's recovery, are erroneous. The seventeenth instruction of the court was as follows:

"If you find for the defendant, you will find in your verdict that the defendant was at such time entitled to the possession of said property, and also the value of the same at the same time."

The value of the property, as alleged by plaintiff in his affidavit in replevin, was $2,072, and the jury found in their verdict the value of the property to be $2,072, the amount claimed by the plaintiff; and upon said verdict the court rendered judgment for the defendant for the return of the goods in controversy, or, in default of their return, for the sum of $2,072, with interest thereon from the 5th day of February, 1884, at the rate of seven per cent. per annum. This instruction and judgment we think erroneous. The sheriff claimed a special ownership in the property; which ownership and right of possession depended upon the writs of attachment under which he claimed to hold the property. The record shows that upon these attachment suits certain judgments were rendered, in amounts substantially as claimed in the writs of attachment, with interest. The record discloses the sum of these judgments, as near as we can ascertain, including the interest on the several judgments up to the date of this judgment in the district court, at the rates of interest named therein, to be $1,765.70; this being the amount that the sheriff would be entitled to recover in case the property was not returned by the plaintiff, together with interest thereon from the date of that judgment, at seven per cent. per annum. This was the extent of his special ownership therein, and when this claim is satisfied he has no further right or claim to the possession

of the goods. It was the duty of the sheriff. when he claimed that he had only a special interest and ownership in the property in controversy, to clearly show what that special interest or claim was. Apparently, not all the costs in the attachment suits are contained in the record, but whatever costs the record shows we have included in the estimate.

It is therefore recommended that the judgment of the district court be modified to the amount herein stated, provided the defendant shall, within thirty days after the filing of the mandate of this court in the district court of said county, file his acceptance in writing therein, accepting said judgment so modified; if not so accepted by the defendant, the judgment will be reversed, and a new trial ordered.

By the Court: It is so ordered.

All the Justices concurring.