D. J. PONCELER *et al.* v. CONWAY MARSHALL, *as Sheriff of Anderson County.*

REPLEVIN—*Form of Judgment for Defendant.* Where the plaintiffs obtain possession of property in an action in replevin against a sheriff for goods taken on execution, and the jury finds for the defendant, the verdict and judgment should be in the alternative for a return of the property, or the amount of the special interest of the officer in the goods, in case a return cannot be had.

*Error from Anderson District Court.*

THE opinion states the case.

*H. P. Welsh,* for plaintiffs in error.

*W. A. Johnson,* and *J. G. Johnson,* for defendant in error.

Opinion by GREEN, C.: This was an action in replevin, brought by the plaintiffs in error to recover certain specific articles of personal property, levied upon by the defendant in error, as sheriff, under an execution issued on a judgment in favor of M. Trendenberg against C. J. Ponceler. The defendant denied generally, and alleged ownership and title of the property in C. J. Ponceler; that the execution had been levied upon the property described in plaintiff's petition as the property of C. J. Ponceler; and that the same was subject to sale for his debts. The plaintiffs obtained possession of the property. Upon the issues joined, a trial was had at the September term, 1887, and resulted in a verdict and judgment for the defendant. A reversal of this judgment is urged, upon the ground that the court below erred in rendering judgment upon the verdict returned by the jury. The verdict was:

"We, the jury, find that the defendant did not wrongfully detain the property replevied in this case from the plaintiffs; and said defendant is entitled to the return of the same, or the value thereof, set out in the affidavit for replevin."

The judgment of the court upon this verdict was, that the plaintiffs should return said property taken in replevin, describing the same as in the affidavit for replevin; or, in case the same could not be returned, that the defendant should receive the value thereof, being the sum of $150. After hearing the motion for a new trial, the court directed the journal entry to be corrected, by striking out of the judgment the words: "The sum of one hundred and fifty dollars." The value of the property taken in replevin was not ascertained; the affidavit was not in evidence before the jury, and is not in

the record. We cannot tell how much the value of the property may have exceeded the judgment and costs upon which the execution was issued. The interest of the sheriff could only be to the extent of the amount set out in the execution under which he made the levy. His interest in the property was special, and he would only be entitled to a judgment for the return of the property; or, if the same could not be had, the value of his special interest therein by virtue of the execution and levy. (*Shahan v. Smith*, 38 Kas. 474; *Friend v. Green*, 43 id. 168.)

We are of the opinion that the verdict and judgment are erroneous, and recommend a reversal.

By the Court: It is so ordered.

All the Justices concurring.