# NORTHERN DEPARTMENT—EASTERN DIVISION.
## JUNE TERM, 1895.

ALBERT W. MOORE v. FRANK E. SHAW, *as Sheriff of Atchison County*.

1. CHATTEL MORTGAGE—*Failure to Renew.* A chattel mortgage filed in the office of the register of deeds of the proper county, but not renewed within a year after such filing, as required by the statute, is void as to creditors after the expiration of the year. When possession under such mortgage is relied upon by the mortgagee, he must show an actual and continued change of possession in himself; and possession by the mortgagor, as his agent, is insufficient as against an execution creditor levying thereon.

2. REPLEVIN AGAINST SHERIFF—*Judgment.* In an action of replevin by the mortgagee under such a mortgage to recover the mortgaged goods from a sheriff, who has levied an execution thereon as the property of the mortgagor, the interest of such officer is only special; and a judgment in his favor when the plaintiff has possession, should be for their return, or the recovery of the value of such special interest when it is less than the value of the goods.

MEMORANDUM.—Error from Atchison district court ; ROBERT M. EATON, judge. Action in replevin by Albert W. Moore against Frank E. Shaw, as sheriff. Defendant had judgment, and plaintiff brings error. Reversed. The material facts are stated in the opinion herein, filed July 6, 1895.

*A. F. Martin*, for plaintiff in error.

*H. M. Jackson*, for defendant in error.

The opinion of the court was delivered by

GARVER, J. : This was an action brought by Albert W. Moore against Frank E. Shaw, as sheriff of Atchi-

son county, Kansas, to recover the possession of certain personal property levied upon by the defendant under an execution against J. W. Moore. The plaintiff claimed the right of possession under a chattel mortgage made to him by J. W. Moore, on September 20, 1885, and filed in the office of the register of deeds of Atchison county, on September 21, 1885, at 10 o'clock A. M. Said mortgage was given to secure the sum of $1,500, payable in three years from its date. On September 21, 1886, at noon, the defendant, as sheriff, levied an execution upon the property included in the mortgage, the amount of such execution being then probably about $142.90. The only renewal affidavit made was filed August 10, 1886. In his answer the defendant justified the taking of the goods under the execution against J. W. Moore, and alleged that his interest in the property amounted to $142.90. This answer was filed November 1, 1886, and a trial by jury was had February 3, 1890. The court below sustained a demurrer to the plaintiff's evidence. After such demurrer was sustained, the court permitted the defendant to strike out of his answer the allegation as to the value of his special interest in the property, and, without other evidence, rendered judgment for the defendant for the return of the property, the plaintiff having possession thereof, or the recovery of the sum of $1,500, the value of the property as alleged in plaintiff's petition.

A renewal affidavit not having been filed within 30 days next preceding the expiration of the term of one year from the time when the mortgage was filed, the mortgage was void as to the creditors of J. W. Moore, the mortgagor, unless actual possession had been taken thereunder. (Gen. Stat. of 1889, ¶ 3905; *Swiggett v. Dodson,* 38 Kas. 702 ; *Farmers Bank v. Bank*

*of Glen Elder*, 46 id. 376.)   Fractions of a day are not considered in such a case, and the year after the filing expires on the last day of the year at the same hour at which the mortgage was filed.   ( *Lockwood v. Craw-ford*, 29 Kas. 286.)   Hence, this mortgage, so far as it rested upon the filing, was no protection to the mortgagee as against the creditors of the mortgagor who caused an execution to be levied on the mortgaged property, after the expiration of the year.

The plaintiff claims, however, that at the time of the levying of the execution he had actual possession ; and upon the trial, he and the mortgagor testified that "the plaintiff had actual possession." Under the pleadings, this was a material fact to be proved, and it was not competent for the witnesses to state their mere conclusions as to what constituted possession. (*Express Co. v. Anthony*, 5 Kas. 490.)   The cross-examination disclosed that what the witness called possession in the plaintiff, was perhaps nothing more than such control of the property as the mortgagee had a right to exercise under the mortgage through the mortgagor.   The mortgaged property was in the Arlington hotel in the city of Atchison, used in the running of that business, and the mortgagor was the ostensible proprietor in charge.   The testimony offered by the plaintiff as to possession was admitted without objection, and seemingly relied upon in the district court, and still relied upon in this court by him as competent evidence of possession which should have been submitted to the jury.   In this respect the counsel may have been misled in relying upon that character of evidence, but it cannot change the law applicable to this case.   When possession is relied upon in such circumstances, there must be "an actual and continued change of possession of the things

mortgaged.'' No such actual change of possession exists where the mortgagor continues in actual management and control of the property, even though he claims to be so acting as the agent of the mortgagee. (*Swiggett v. Dodson*, supra.)

Did the court err in rendering judgment for the return of the property to the defendant, or, in case a return could not be had, then for a recovery of its full value? Conceding the invalidity of the mortgage as to creditors, yet it was valid as between the mortgagor and the mortgagee, and the latter, as between them, was entitled to the possession of the property covered by the mortgage. This right of possession and of property was only subject to the lien of the execution held by the sheriff. When that lien was discharged, the defendant's right to the possession of this property ended. After the demurrer to the evidence was sustained, the court should have inquired into the right of property and right of possession of the defendant to the property taken. (Gen. Stat. of 1889, ¶ 4267.) Upon such inquiry, the judgment should have been for the return of the property, or for the recovery of the value of the interest of the defendant, in case a return could not be had; such interest being that existing at the time of the trial. (Gen. Stat. of 1889, ¶ 4268 ; *Shahan v. Smith*, 38 Kas. 474 ; *Ponceler v. Marshall*, 45 id. 672 ; *Guy v. Doak*, 47 id. 366.)

We are referred to the case of *Hall v. Jenness*, 6 Kas. 366, as authority for the judgment rendered in this case. The statement made in the opinion in that case with reference to the right to recover such a judgment is not applicable to the facts in this case, for there it seems to have been conceded that a third party, and not the plaintiff, had the right of posses-

sion and of property. The same justice, delivering the opinion of the court in *Guy v. Doak*, said :

"It is a universal principle in replevin that where each of the parties has an interest in the property, and the party not having the possession thereof at the time of the trial recovers in the action, he should recover from the other party, as value, only the value of his own special interest in the property and not the actual value thereof."

The court, in this case, should have ascertained the value of the defendant's special interest, and rendered judgment for that amount. It was error not to do so. We are not able to determine from the record what the value of this interest is, consequently, even if so inclined, could not correct the error by the modification of the judgment in this respect.

We think the ends of justice will be best served by remanding the case for a new trial, upon which, if the plaintiff fails to show by competent evidence actual possession of the property in controversy at the time the execution was levied, the defendant will be entitled to judgment for the return of the property, or the recovery of such amount as he shall then show to be the value of his special interest.

The judgment is reversed for further proceedings in accordance with this opinion.

All the Judges concurring.