Loomis *v.* Foster.

*Cause dismissed.*

LOOMIS *v.* FOSTER.

The general issue, *not guilty*, in replevin under R. S. 1838, p. 523, as amended by Sess. L. 1839, p. 230, sec. 44, puts in issue every fact stated in the declaration necessary to sustain plaintiff's action, and not the detention of the property only.

ERROR to Allegan Circuit Court. Replevin under R. S. 1838. The declaration averred a wrongful and unlawful detention by Loomis of a

grey horse belonging to Foster. Plea, not guilty. On the trial, Foster proved that on 30th April, 1844, before suit was brought, he demanded the horse of Loomis, who refused to give him up, stating he owned the horse himself. Foster then proved his damages by reason of the detention, and rested. Thereupon Loomis offered to prove the horse belonged to him; but the court rejected the evidence, on the ground that by his plea of not guilty he admitted the property and the right of possession to be in Foster, and that the detention only was put in issue. Loomis excepted to the opinion of the court. He then requested the court to charge the jury that Foster, to recover, must prove property in the horse, in addition to the detention of the horse by defendant. This the court refused, and, in charging the jury, stated it was not necessary Foster should show either a right of property in the horse, or a right to the possession.

*Moore*, for plaintiff in error.

*H. K. Clark*, for defendant in error.

*By the court*, WING, J. It is urged in support of the decision of the circuit judge, that there were two material allegations in the declaration, one or both of which defendant might have traversed, as the nature of his defence required, viz:

1. The right of possession of the plaintiff.

2. The detention of the property.

It is urged that the session law of 1839, p. 230, sec. 44, which prescribes the form of the general issue in replevin, has in no respect changed the nature or effect of the general issue in this action at common law, which was *non cepit*, and which only denied the taking, but admitted the right of property to be in the plaintiff; and, if this is not correct by analogy in an action of replevin under the statute for a detention, not guilty only denied the detention, and admitted the property to be in the plaintiff, as alleged.

In this case the only cause of action stated, is, the wilful and unlawful detention of the horse. If it is true that the plea of not guilty only denied the taking, it would have no relation to the subject matter of complaint alleged in the declaration: for it would only deny what is not asserted. It is manifest, then, that as this plea is given by the statute as an appropriate plea in an action of replevin, whether the action be for

a wrongful taking or detention, and in cases where both are combined in the same action, some meaning and effect must be given to the plea in an action for a detention only. If it means anything by way of defence to the averments in the declaration, how can we restrict it to some one averment, and hold it to be an admission of the others? If it can be maintained that in an action for taking and detaining, this plea amounts to the common law plea of *non cepit*, and admits the property to be in the plaintiff, it must also admit the wrongful detention: for it does not reach the charge of detention.

The question, then, is, what effect shall be given to the plea of not guilty in an action of replevin for an unlawful and wrongful detention? The statute of 1839 provides, that "the general issue shall be joined on the plea of not guilty."

In the largest class of actions, where there is strictly and technically a general issue, a plea of the general issue traverses, thwarts and denies at once the whole declaration, without offering any special matter to evade it. 3 Black. Com. 305. In some actions, some pleas are called the general issue which, strictly speaking, are not so, as *nul tiel record* in debt, and *non est factum* in covenant. But the books treat these pleas as being something short of the general issue in its broadest sense. So in replevin at common law it is said *non cepit* is called the general issue; but it is so in a restricted sense only, since it does not embrace and deny all the allegations in the declaration, but takes issue upon a single point, and, like special pleas, admits what it does not deny. It is more like a special plea than the general issue. At common law an action of replevin would only lie in cases of a wrongful taking, and where trespass would lie. A denial of the taking was the most common defence, and if proved it disposed of the action; the gist of the action was the wrongful taking. In bringing replevin, the plaintiff narrowed his grounds of complaint to the loss *resulting* from the taking; he did not embrace in his action, as he would in an action of trespass, the injury accompanying the taking; and the defendant, by the plea of *non cepit*, still further narrowed the issue to the simple act of taking. The plea of *non cepit* did not embrace all that was embraced in an action of trespass by the plea of not guilty. In the one case, the plea denied a specific single fact charged; in the other, every allegation in the declaration was put in issue.

At common law, if a plaintiff sought to recover the specific property detained, he was obliged to bring detinue. If he only sought damages for the detention, he brought an action of trover. Our revised statutes have, in some measure, incorporated both these remedies in the action of replevin; and, if we are to be governed by the analogies of the common law, we may say that the general issue joined by the plea of not guilty is the same as in the actions of detinue or trover; in the first of which the plea of non detinet, and in the latter the plea of not guilty, puts the plaintiff to the proof of all the substantial allegations in his declaration. The statute treats the act of unlawful and wilful detention *as a* tortious act, a wrong and injury; and replevin for a wrongful detention appears to have been considered as analogous to an action of trover, since the plea applicable to such an action is given.

If it was the object of the legislature to give a new and arbitrary name to the plea of *non cepit* without changing its nature, why did they not adopt the plain English of the general issue, and say a denial of the taking should be the general issue? As they have given in an action for a detention a plea which is the general issue in trover, why should we not give to the plea its appropriate scope and effect—the same meaning that is given to it in actions where the plea is allowed?

It is urged that as *non cepit* is called the general issue in replevin at common law for a wrongful taking, *non detinet* should be the general issue in an action of replevin for a wronful detention only. But as there was no such action at common law, no such plea could be pleaded to it: and, consequently, it cannot be supposed to have been intended by the legislature. Justice Nelson, in 12 Wendell 33, says, that the distinction made between the effect and operation of the general issue in the cases of *non cepit* and *non detinet* is in analogy to that existing in the action of trespass and trover. In the first the defendant cannot, under the plea of not guilty, show property out of the plaintiff; but he may in the latter. The action of trespass is founded on the right of the plaintiff to the possession; trover is founded on the right of property, and this is the reason of the distinction.

We have, as we think, already shown that the plea of the general issue in this case could not mean the general issue of *non cepit;* no special or definite plea was pointed to as the general issue by saying the general issue should be joined by the plea of not guilty. We think

Loomis *v.* Foster.

the intention of the legislature was, that the plea of not guilty in this action should have the force and effect given to the general issue in its broadest sense, as stated by Blackstone; and not that the plea of not guilty should have only the effect of a denial that the defendant detains the property—admitting the property and right of possession of plaintiff. If this is not so, the statute would be calculated to mystify and entangle litigants, and could subserve no beneficial purpose.

*Judgment reversed.*