[Civil No. 385.    Filed January 16, 1894.]

[36 Pac. 499.]

## BELLA A. CARROLL, Plaintiff and Appellant, v. JOHN BYERS et al., Defendants and Appellees.

1. NEW TRIAL—MOTION FOR OVERRULED BY OPERATION OF LAW AT EX-
PIRATION OF TERM WHEN FILED—HAND v. RUFF, 3 ARIZ. 175, 24
PAC. 257, FOLLOWED.—A motion for a new trial is overruled, by
operation of law, at the expiration of the term at which it is made.
*Hand* v. *Ruff, supra,* followed.

2. APPEAL AND ERROR—FINAL JUDGMENT—ORDERS REVIEWABLE—TIME
FOR TAKING APPEAL—REV. STATS. ARIZ. 1887, PARS. 593, 846, CITED
AND CONSTRUED.—An appeal from a final judgment carries with it
jurisdiction to review all orders affecting the judgment, including
an order refusing a new trial, and until final judgment is entered
the aggrieved party is not required to take his appeal.    Statutes,
*supra,* cited and construed.                                •

HAWKINS, J., and ROUSE, J., concurring specially.

3. SAME—RECORD—BILL OF EXCEPTIONS—NECESSITY FOR TO SECURE RE-
VIEW OF RULING ON MOTION FOR NEW TRIAL.—Where no bill of
exceptions is preserved to the action of the trial court in over-
ruling the motion for a new trial, such ruling cannot be reviewed.

4. SAME—AFFIDAVIT IN LIEU OF BOND—REV. STATS. ARIZ. 1887, PAR.
860, CITED—JURISDICTION.—An affidavit in lieu of an appeal-bond,
under statute, *supra,* made before the probate judge, sufficient in
form, and containing the necessary averments of fact which, if true,
show appellant's inability to pay the costs, if not contested, is all
that is necessary, in addition to the notice of appeal, to give this
court jurisdiction.

5. SAME—RECORD—RECITALS IN JUDGMENT—NECESSITY FOR BILL OF EX-
CEPTIONS—EXCEPTIONS SAVED BY REV. STATS. ARIZ. 1887, PAR. 827.—
Although there is no bill of exceptions, a recital in the judgment
that the verdict followed by the judgment was found by the concur-
rence of nine jurors only puts that fact in the record, and under
statute, *supra,* no bill of exceptions was necessary to reserve an
exception thereto.

6. CONSTITUTIONAL LAW — JURY — THREE-FOURTHS VERDICT — COMMON-
LAW CASES, LAWS ARIZ. 1891, P. 71, INVALID AS TO—CONFLICTS WITH
REV. STATS. U. S., SEC. 1868, AND CONSTITUTION, 7TH AMENDMENT.
—The statute, *supra,* providing for a three-fourths verdict in all civil
cases and in all misdemeanor cases, in so far as it applies to cases
cognizable at common law, is invalid, because in conflict with section
1868 of the Revised Statutes of the United States, which provides

that "No party shall be deprived of the right of trial by jury in cases cognizable at common law," and also in conflict with the seventh amendment to the constitution, providing that "In suits at common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved."

7. JURY—TRIAL BY DEFINED.—By the term "trial by jury" is meant trial by jury in the general manner as practiced at common law. At common law a lawful jury was composed of twelve jurors, and the unanimity of these twelve members in finding a verdict was an essential attribute.

8. CLAIM ANP DELIVERY—COMMON-LAW ACTION.—The action termed "claim and delivery" is the same in all essential attributes as the ancient common-law remedy of replevin, and is a modification of that action, and not in derogation thereof.

APPEAL from a judgment of the District Court of the Third Judicia. District in and for the County of Maricopa. H. C. Gooding, Judge. Reversed.

The facts are stated in the opinion.

C. F. Ainsworth, for Appellant.

This being a common-law action for the recovery of personal property, it was error for the court to allow the verdict, rendered in favor of either party to said action and signed by only nine jurors, to stand. The act of the legislative assembly of 1891 (pp. 71, 72), in so far as it applies to the circumstances developed in this case, is unconstitutional and void. *Kleinschmidt* v. *Dunphy,* 1 Mont. 118; *State* v. *McLean,* 11 Nev. 39.

Fitch & Campbell, for Appellees.

SLOAN, J.—The record of this case shows that appellant, Bella A. Carroll, by complaint filed April 14, 1890, in the district court of Maricopa County, brought suit in claim and delivery against appellees, John Byers and W. T. Gray, for the possession of certain horses, wagons, and other articles of personal property. After issue was joined by appellees, the case was set for trial May 23, 1891. On the last-mentioned date the case was tried before a jury. On May 25, 1891, the jury returned a verdict for appellees. This verdict was signed by nine of the jurors only. The verdict thus

signed and returned was entered upon the minutes of the court. No judgment or order for judgment was made or entered in the cause during the term at which the trial was had. On May 26, 1891, and during the term, appellant filed her motion for a new trial. This motion was not acted upon during the term; and the court seems to have held it under advisement until May 23, 1893, when an order was entered overruling the motion. On the same day the court gave judgment against appellant and her sureties upon her claim bond for the costs of the action. This judgment recited the verdict of May 25, 1891, signed by the nine jurors, and was based upon it. Appellant, in open court, gave notice of appeal from this judgment, and on June 20, 1893, made, and filed with the clerk of said district court, an affidavit in lieu of an appeal-bond.

We are asked by counsel for appellees to dismiss this appeal for the reason that it was not taken within the time prescribed by the statute. The motion for a new trial was overruled, by operation of law, at the expiration of the term at which it was made. *Hand* v. *Ruff*, 3 Ariz. 175, 24 Pac. 257. The contention of counsel is therefore that an appeal should have been taken from this order, and should have been perfected within twenty days after the term. As was pointed out in *History Co.* v. *Dougherty,* 3 Ariz. 387, 29 Pac. 649, our statutes upon the subject of appeals are somewhat indefinite. Paragraph 593 of the Revised Statutes confers, among other things, jurisdiction upon this court to review upon appeal ''an order granting or refusing a new trial.'' Again, paragraph 846 provides: ''An appeal or writ of error may be taken to the supreme court from any final judgment of the district court rendered in civil cases.'' Whether paragraph 593 is to be construed as giving the right of appeal directly from an order overruling a motion for a new trial or not, we think there can be no question but that the appeal from the judgment carries with it jurisdiction to review all orders affecting the judgment, including an order refusing a new trial, and that until final judgment is entered the aggrieved party is not required to take his appeal. In this case the judgment rendered by the court May 25, 1893, was a final judgment, and an appeal lay from it to this court. The notice of appeal was given during the term at which it was entered.

and the affidavit in lieu of bond filed within twenty days after this term. As no bill of exceptions was taken to the action of the court in overruling the motion for a new trial, we cannot of course review this ruling, but we have still ample jurisdiction to review the judgment, and, in connection therewith, all questions properly presented upon the whole record.

We are also asked to dismiss this appeal upon the further ground, as alleged, that the affidavit in lieu of an appeal-bond does not conform to the requirements of paragraph 860 of the Revised Statutes. The affidavit was made before the probate judge of Maricopa County, as authorized, and is sufficient in form, and contains the necessary averments of facts which, if true, show appellant's inability to pay the costs. It was not contested, and hence, when filed, was all that was necessary, in addition to the notice of appeal, to give this court jurisdiction.

The judgment followed the verdict, and recited that it had been found by the concurrence of nine jurors only. Although there is no bill of exceptions in the record, the recital in the judgment that the verdict was thus found puts that fact in the record; and hence, by paragraph 827 of the Revised Statutes, no bill of exceptions was necessary to reserve an exception thereto. The record upon this appeal presents, therefore, the question whether or not in this form of action unanimity is required of the jury to return a valid verdict. Section 1 of an act passed by the legislature, and approved March 17, 1891, (Sess. Laws 1891, p. 71,) provides that "In all trials of civil cases and in all trials of misdemeanors in the courts of the territory where a jury of twelve persons shall be impaneled to try such cases, the concurrence of three fourths of such jury shall be sufficient to render a verdict therein. And in all such jury trials when the said jury of twelve persons shall unanimously agree upon a verdict, said verdict shall be signed by the foreman thereof and returned into court; but when such jury do not unanimously agree upon a verdict, but three fourths thereof do agree, then three fourths of such jury shall sign the verdict so agreed upon by them and notify the court of such fact, and thereupon all of said jury shall be returned into court and shall then deliver to the court the verdict so signed by three fourths of such jury, and

Arizona 4—11

the court shall receive and cause to be read and recorded such verdict in the case, and judgment shall be entered thereon as in other cases now provided by law." This act, in so far as it applies to cases cognizable at common law, must be held invalid, because in conflict with section 1868 of the Revised Statutes of the United States, which authorizes in the territories a commingling of common-law and chancery jurisdictions in the territorial courts and a uniform course of proceeding in all cases, legal or equitable, and provides also (Supp. Rev. Stats., p. 13), "No party shall be deprived of the right of trial by jury in cases cognizable at common law." It is also in conflict with the seventh amendment to the constitution, providing that "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." By the term "trial by jury" is meant trial by jury in the general manner as practiced at common law. Cooley on Constitutional Limitations, 394. At common law a lawful jury was composed of twelve jurors, and the unanimity of these twelve members in finding a verdict was an essential attribute. 3 Blackstone's Commentaries, 376; Proffatt on Jury Trials, sec. 77. It remains, therefore, for us to determine whether this case is of the class of cases which are cognizable at common law. The action is one termed in our statute "claim and delivery." This action is, in all essential attributes, the same as the ancient common-law remedy of replevin. Similar statutes exist in other states and territories; and these are uniformly held to be modifications of the common-law action of replevin, and not statutory remedies in derogation thereof. *Ellingboe* v. *Brakken,* 36 Minn. 156, 30 N. W. 659; *Cist* v. *Loring,* 60 Mo. 487; *Scofield* v. *Whitelegge,* 49 N. Y. 259. It is apparent, therefore, from the record that appellant has been deprived of her right to a trial by a jury by the acceptance of the verdict of nine jurors. The judgment, therefore, must be reversed, and a new trial granted; and it is so ordered.

Baker, C. J., did not take part in this case.

HAWKINS, J.—I concur in the judgment, but do not agree with the reasoning in *History Co.* v. *Dougherty,* 3 Ariz. 387, 29 Pac. 649,—that our statutes on the subject of appeal

are indefinite.    Our statute on appeal seems to be perfectly
plain.    An appeal or writ of error may be taken thereunder,
in my opinion, from any final judgment of the district court
rendered in civil cases where jurisdiction of appeal is given.
Jurisdiction to review on appeal is plainly set out in para-
graph 593 of the Revised Statutes of 1887.    Paragraph 846
of the Revised Statutes can mean nothing else than ''An
appeal or writ of error may be taken to the supreme court
from any final judgment of the district court rendered in
civil cases,'' as provided in paragraph 593.

ROUSE, J.—I agree with Justice Hawkins's concurring
opinion.