[Civil No. 598.   Filed February 23, 1898.]

[52 Pac. 359.]

MANUEL G. LEVY, Plaintiff and Appellant, v. R. N. LEATHERWOOD, Defendant and Appellee.

1. CLAIM AND DELIVERY—PLEADING—ISSUES—FAILURE TO DEMAND RETURN OF PROPERTY—REV. STATS. ARIZ. 1887, PARS. 202, 203, 204, CONSTRUED.—In an action of claim and delivery, where plaintiff has given a bond, taken possession of the property, and disposed of the same before trial, and defendant has in his answer made no demand for the return of the property taken, under statutes, *supra,* the value of the property taken was not an issue to be tried under the pleadings.

2. SAME—TRIAL—JURY—ASSESSING VALUE—REV. STATS. ARIZ. 1887, PAR. 202, CONSTRUED.—Where the value of the property is an issue in the trial of an action of claim and delivery before a jury it is error for the court to assess the value. That is for the jury. Statutes, *supra,* construed.

3. SAME—JUDGMENT—SPECIAL INTEREST—SHERIFF—VALUE OF INTEREST—EVIDENCE.—Where in an action of claim and delivery the answer of defendant sets up a special interest as sheriff, by virtue of levies under writs of attachment, the court can only assess the value of such special interest as shown by the amounts as claimed in such writs, with costs; or in case judgments had been rendered

in such attachment suits, then for the amount of the judgments and interest.

4. SAME—JUDGMENT—DAMAGES—WHERE PLAINTIFF HAS DISPOSED OF PROPERTY—REV. STATS. ARIZ. 1887, PAR. 203, CONSTRUED—PLEADING —ISSUES.—Where in an action of claim and delivery the evidence shows that plaintiff has disposed of the property replevied, judgment can properly be had for defendant under paragraph 203, *supra,* for damages suffered by him for the taking or detention of the property, or both; and where the defendant in his answer did not set up any claim for damages or make any demand for the same, no judgment can be had therefor.

5. APPEAL AND ERROR—MODIFICATION OF JUDGMENT—RENDERING ERROR HARMLESS—AVERTS NECESSITY FOR NEW TRIAL.—Where the jury found the main issue for the appellee, and the court instead of the jury thereupon assessed damages against appellant, which action of the court the appellant assigns as error, and it appears that under the pleading no damages could be assessed, a modification of the judgment of the trial court to conform to the pleadings and verdict renders such error harmless, and averts the necessity of a new trial.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima.  J. D. Bethune, Judge.  Reversed.

The facts are stated in the opinion.

C. W. Wright, for Appellant.

The court erred in rendering a judgment on the verdict for the return of the property to appellee, the answer not demanding such return.

Paragraph 202 of our code provides that where the possession of the property has been turned over to the plaintiff under the writ, as was done in this case, and he fails to "prosecute his action with effect," as he did in this case, and the defendant in his answer claims the same, and demands a return thereof, "the court or jury may assess the value of the property taken," etc.

Paragraph 203 provides: "In such case, the judgment shall be against the plaintiff and his sureties, that he return the property taken, or pay the value so assessed."

"In such case," the statute tells us,—that is, the case provided in paragraph 202; and that case is where the possession of the property has gone to the plaintiff, where the

answer claims it and demands its return, and where the plaintiff loses the suit, then "judgment shall be against the plaintiff and his sureties, that he return the property taken, or pay the value so assessed." ·

The answer in this case does not claim the property, nor does it demand its return. This being true, can the court enter a judgment for its return?

Our statute is copied from section 667 of the Code of Civil Procedure of California. Before we adopted it, it had been construed by the supreme court of that state. Therefore, we presumptively adopted the construction that had been given to it. In the case of *Pico* v. *Pico,* 56 Cal. 459, the court answers this question in the negative. It says: "Nevertheless, a defendant cannot have judgment for a return of the property or its value, unless he has claimed a return in his answer."

Barnes & Martin, for Appellee.

SLOAN, J.—Appellant sued the appellee for the recovery of the possession of personal property described in the complaint as "the store known as the 'New York Store,' the same being situated on the corner of Main and Congress streets, in the city of Tucson, county of Pima, Arizona Territory, together with and including the stock of merchandise now in said store, and each and all thereof, and also all furniture and fixtures and personal property of every kind and nature now in the building, also known as the 'New York Store,' as aforesaid, said store building not being included therein, but all personal property is included therein." The prayer of the complaint was for the recovery of the possession of said property, or for the sum of $4,005, the value thereof, if the possession could not be had, and for damages and for costs of suit.

In accordance with the provisions of the Claim and Delivery Act, the appellant, at the time of the institution of his action, filed his affidavit, gave a bond with two sureties, took the property sued for into his possession, and, as the testimony shows, subsequently, and before the trial, sold and disposed of the same. The appellee filed a general denial to the complaint, and, by way of further answer, set up that the appellant claimed ownership and the right to the possession

of the property sued for under and by virtue of a certain bill
of sale made by Miller & Lowenstein, the former owners of
the property, which bill of sale was alleged to have been
fraudulent and void, for the reason that it was made without
consideration, and was a fraudulent preference of appellant
over other *bona fide* creditors of said firm of Miller & Lowen-
stein, and was made with the fraudulent intent to hinder,
defraud, and delay said other creditors. Appellee further
alleged that he was entitled to the possession of said property
by virtue of having, in his office of sheriff, levied upon said
property under and by virtue of several writs of attachment
issued out of the district court in and for said Pima County,
in suits brought by creditors of Miller & Lowenstein. No
demand was made by appellee in his answer for a return of
the property replevied as aforesaid by appellant. On the
issues thus presented by the pleadings, the cause was sub-
mitted to the jury, and the following verdict returned: "We,
the jury, duly impaneled and sworn in the above-entitled
cause, upon our oaths do find for the defendant." Thereupon
the court assessed the value of the property taken under the
writ of replevin at $4,005, and entered judgment against the
appellant and his sureties upon the replevin bond for a re-
turn of the property sued for, or, in case a return could not be
had, adjudged that appellee and his said sureties pay the
value thereof alleged in the complaint, and fixed by the plain-
tiff in his affidavit for writ of replevin, and assessed at the
sum of $4,005, and further adjudged that the appellee
should recover of appellant and the said sureties his costs and
disbursements in the action.

Numerous assignments of error are made by the appellant
in his brief, but the principal error complained of is that the
court, and not the jury, assessed the value of the property
taken under the writ of replevin, and adjudged that the ap-
pellant return the property taken under the writ, or that he
and his sureties pay to the appellee the value of the property
taken as assessed by the court. The error complained of
involves the construction of paragraphs 202 to 204, inclusive,
of the Revised Statutes, being sections 11 to 13, inclusive, of
the Claim and Delivery Act. These sections read as fol-
lows:—

"202 (11). If the plaintiff fail to prosecute his action

with effect and without delay, and shall have the property in his possession, and the defendant in his answer claims the same and demands a return thereof, the court or a jury may assess the value of the property taken, and the damages for taking and detaining the same, for the time such property was taken or detained from defendant until the day of the trial of the cause.

"203 (12). In such case, the judgment shall be against the plaintiff and his sureties, that he return the property taken, or pay the value so assessed, at the election of the defendants, and, also, pay the damages assessed for the taking and detention of the property and costs of suit.

"204 (13). If the plaintiff has not the property in possession, damages shall be assessed as directed in section eleven for the taking or detention, or both, as the case may be, of the property, and judgment shall be. rendered against the plaintiff, and his sureties for the damages, if any, and for costs of suit."

Paragraph 202 clearly provides that, in case the property in controversy be in possession of the plaintiff in the action at the time of the trial, and the defendant in his answer has made claim to the same and demanded a return thereof, the value of the property taken, and the amount of damages due the defendant for taking and detaining the same, are issues of fact to be determined by the court, if the trial be by the court, or by the jury, if the trial be by jury, in the event that the plaintiff in the action has failed to prosecute his action with effect and without delay. In such case, paragraph 203 provides what kind of a judgment shall be had against the plaintiff and his sureties, and it is made mandatory upon the court to adjudge a return of the property taken, or that the plaintiff and his sureties shall pay the value of the property as assessed, at the election of the defendant, and shall also pay such damages as may be assessed for the taking and detention of the property, together with the costs. The value of the property assessed, if made an issue by the defendant in his answer, is a question of fact to be determined by the court or jury, as the case may be; but, unless made an issue, should the defendant recover, the court or jury can only find upon the general issue and enter judgment accordingly. Our statute in this particular is unlike any other with which we are

familiar, in that it grants a defendant the privilege of claiming the property replevied from him, and, in case he prevail, having its value assessed, so that judgment may be had for its return, or for its value, as he shall elect. In this case the appellee did not demand a return of the property replevied, and therefore, under the statute, the value of the property taken was not an issue to be tried and determined under the pleadings. But, even had the appellee claimed a return of the property in his answer, the action of the court in assessing the value, and not the jury, was irregular. The provision in the statute that the court or jury may assess the value of the property taken must be construed as meaning that the court may so assess the value when the cause is tried by the court, and that the jury shall assess the value when the cause is tried by the jury. This court has held in the case of *Carroll* v. *Byers,* 4 Ariz. 158, 36 Pac. 499, that the action of claim and delivery is but a modification of the common-law remedy of replevin, and that a trial by jury is a matter of right in such actions. It would certainly be an anomaly in jury practice, in such cases, to submit certain issues of fact to the jury, and for the court to find upon other issues of fact, and enter a judgment accordingly. Again, had the value of the property taken been an issue in the case, it could only properly, in this case, have been the value of the special interest possessed by the appellee, as sheriff, under and by virtue of his levies under his writs of attachment. A judgment could only have been rendered for the amounts, as claimed in said writs, with the costs accruing therein, if judgments had not been rendered in the attachment suits, or, in case judgments had been rendered, then for the amounts of these judgments and the interest thereon. This would be the extent of the special ownership in the property, and the value of this special ownership could alone be the basis for the money judgment against the appellant, and not the value of the property as assessed and adjudged by the court below. *Shahan* v. *Smith,* 38 Kan. 474, 16 Pac. 749; *Bleiler* v. *Moore,* 88 Wis. 438, 60 N. W. 792; *Fowler* v. *Hoffman,* 31 Mich. 221. Again, the testimony showed that at the time of the trial the appellant did not have the property in his possession. The case is therefore governed by paragraph 203, which provides, in effect, that if judgment shall be against the plaintiff, and

he have not the property in his possession, the jury, if the cause be tried by a jury, shall assess the damages which the defendant may have suffered by reason of the taking or detention of the property, or both, as the case may be; and further provides that judgment in such case shall be rendered against plaintiff and his sureties for such damages and for costs of suit. This case, therefore, properly comes under this latter paragraph of the statute, rather than the former. In the one case, the jury are to find the value of the property; in the other case, the jury are to assess the damages for the taking or detention of the property, or both. In neither case may the court find the value, or the damages, where the main issue is submitted to a jury. The appellee in his answer did not set up any claim for damages or make any demand for the same. At the trial no request was made of the court to instruct the jury to find upon the question of damages, although it appears appellee did request of the court an instruction that the jury find the value of the property taken, which request was by the court refused. The request for this instruction, aside from the question of pleading, was properly refused; for, as we have before seen, the testimony at the trial showed that the appellant did not have the property in his possession at the time of the trial, and therefore the sole question which could have been properly presented to the jury, aside from the main issue, was the damages for the taking and detention of the property. Under the pleadings as they exist, and under the submission to the jury of the general issue only, and under the verdict of the jury which found for the appellee upon the main issue merely, the question is presented as to whether or not we should reform the judgment of the court below so as to conform to the verdict and the pleadings, or award the appellant a new trial. This matter should be determined upon the question as to whether the appellant has been harmed by the failure of the court to submit the question of damages to the jury, and the consequent failure of the jury to find upon this question. We are unable to see how, in this particular, the appellant was injured. On the contrary, we conceive that the omission was to his advantage, and therefore a modification of the judgment, in the particulars in which said judgment was not based upon the issues and upon the verdict, is all that he can prop-

erly ask for, unless other error affecting the verdict has been committed. We do not find, upon an examination of the points raised by appellant in his brief, that reversible error was committed by the trial court which calls for the setting aside of the verdict and the granting of a new trial. The judgment of the court below will therefore be reversed, and the court instructed to enter judgment in accordance with the verdict of the jury. The costs of the appeal will be taxed against the appellee.

Street, C. J., Davis, J., and Doan, J., concur.