[Civil No. 659.   Filed June 2, 1899.]

[57 Pac. 617.]

CHARLES L. HALL, Plaintiff and Appellant, v. SOUTH-ERN PACIFIC COMPANY, Defendant and Appellee.

1. CLAIM AND DELIVERY—PLEADING—ANSWER DEFECTIVE—FAILURE TO TENDER ISSUE—POSSESSION—WAIVER—CURED BY JUDGMENT.— Where the answer in an action of claim and delivery denied the allegation of plaintiff's ownership, but did not deny the allegation that he was entitled to the immediate possession of the property, and plaintiff made no attempt before or at the trial to take ad-

vantage of the defect, but, on the contrary, tried the case as though his right of possession was in issue, the defect in the answer, under these circumstances, was cured by the judgment.

2. SAME—JUDGMENT—RIGHT TO RETAIN PROCEEDS PENDING REFUND OF CHARGES—EVIDENCE.—Plaintiff replevied property from a railroad company, paying the freight charges. At the trial, it was admitted that the property had been sold, and that its value was four hundred and sixty dollars plus the freight charges. The judgment, in the alternative for the return of the property or for the payment of four hundred and sixty dollars, was not error, nor was plaintiff entitled to retain the proceeds until the freight charges were refunded, as the property could not be returned, and the money judgment took into consideration the freight charges.

3. SAME—FINDINGS—SUFFICIENCY—TITLE IN THIRD PARTIES—IMMATERIAL.—Findings in an action of claim and delivery that plaintiff was not the owner nor entitled to the possession of the property are sufficient to support a judgment for defendant, and further findings, not warranted by the pleadings, that the title was in third parties are immaterial.

4. SAME—EVIDENCE—MUST RECOVER ON STRENGTH OF HIS OWN TITLE.—A plaintiff in replevin must recover upon the strength of his own title or right of possession, and, in case he fails to establish his title or right of possession, the defendant is entitled to be restored to his possession.

5. SAME—SAME—ESTOPPEL.—Plaintiff in replevin, to prove his title and right of possession, gave evidence of a sale of the property to him under execution against J. C. Goodwin. Defendant sought to prove title in the brothers of Goodwin. Plaintiff, to establish an estoppel against the brothers claiming title, testified that in another suit, wherein the brothers were plaintiffs and himself defendant, plaintiffs gave a cost-bond, with J. C. Goodwin as surety, and that J. C. Goodwin, in justifying, testified that he was the owner of this property. One of the brothers denied that either of them was present, and testified that the property belonged to them continuously since prior to the time of the latter suit. The record failed to show that the cost-bond was approved, or what relation the suit in which execution was issued against Goodwin bore to the suit in which the cost-bond was filed, or that the brothers had any knowledge of the representations, or that an advantage to the brothers or a prejudice to the plaintiff resulted therefrom. Upon the record there was no error in the court refusing to find an estoppel.

6. SAME—BAILEE—RIGHT OF POSSESSION—LIMIT OF RECOVERY—LEVY v. LEATHERWOOD, 5 ARIZ. 244, DISTINGUISHED.—As against one who neither had title nor the right to the possession, a bailee may maintain replevin for the possession of the property which is the subject of the bailment, and may recover its full value from such

stranger who may have unlawfully converted it, holding the amount so recovered in excess of his own interest in trust for his bailor. *Levy* v. *Leatherwood, supra,* distinguished.

7. SAME—DAMAGES—JUDGMENT FOR VALUE NOT WITHIN THE MEANING OF DAMAGES AS USED IN REV. STATS. ARIZ. 1887, PAR. 202.—A judgment in claim and delivery for the value of the property taken is not a judgment for damages, as that term is used in paragraph 202, *supra,* which provides that "the court or jury must assess the value of the property taken, and the damages for taking and detaining the same."

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

C. W. Wright, for Appellant.

Hereford & Hazzard, for Appellee.

SLOAN, J.—In the court below, Charles L. Hall brought suit in claim and delivery against the Southern Pacific Company to recover the possession of thirty-one and one half tons of street-railway iron. The complaint alleged that Hall was the owner and entitled to the immediate possession of the railway iron, and that the same was wrongfully detained by the Southern Pacific Company from the plaintiff, Hall; that the actual value of the same was four hundred and fifty-five dollars; and that the said property had not been seized under any process, execution, or judgment against the property of Hall. The complaint further alleged that the railroad company claimed a lien on the property for freight, amounting to $285.52, and that the said freight charges had accrued without the knowledge or consent of the plaintiff; that, notwithstanding he was in no way responsible for said freight charges, and although the same were not a lien on the property, plaintiff, before the commencement of the suit, tendered said sum to said company in payment of said charges, and demanded possession of the rails; that the company refused to receive said money or deliver possession of said property. The defendant company answered the complaint, denying plaintiff's ownership of the property described in the complaint, and

that it wrongfully detained the same, and that the same was of any greater value than four hundred and fifty dollars. By way of further answer the defendant company set up that the rails were, on the fifteenth day of February, 1898, in the possession of and claimed by T. J. Goodwin and R. G. Goodwin, of the town of Tempe, Maricopa County, Arizona, and that on said date said Goodwins offered the said railroad iron for shipment over the Maricopa, Phœnix and Salt River Valley Railroad and the railroad of the defendant company from Tempe to the city of Tucson, in Pima County, Arizona, and on said date the said iron was so shipped by the said Goodwins over the said railroads and consigned to one C. F. Hoff, agent of the Tucson Street-Railway Company, at said town of Tucson; that for a long time prior to the date of the shipment above mentioned said Goodwins had been the owners and reputed owners of the said iron; that the defendant company had no knowledge prior to said shipment that plaintiff had any claim of ownership to the said railroad iron; that the first notice of such claim which the defendant company had was after the said shipment of said iron from Tempe to Tucson, and after freight charges to the amount of $285.52 had accrued against the same, and for which the defendant claimed a lien on the same. The defendant company prayed judgment against the plaintiff for the return of the railroad iron, or, in case a return thereof could not be had, then for the sum of four hundred and sixty dollars, the value thereof; and also prayed that, in the event the court should adjudge the railroad iron to be the property of the plaintiff, then that it have judgment against the plaintiff for the sum of $285.52, the freight charges on the same, together with its costs. The cause was tried by the court without a jury, and judgment rendered for the defendant company. The findings of fact made by the court were as follows. "1. That the defendant, the Southern Pacific Company, was entitled to the possession of the thirty-one and one half tons of street-railway iron described in the complaint herein, as bailee for T. J. Goodwin and R. G. Goodwin; 2. That the said thirty-one and one half tons of street-railway iron was, on the twenty-fourth day of February, 1898, wrongfully taken from the possession of the defendant and delivered by the sheriff of the county of Pima, Arizona Territory, to the plaintiff herein;

3. That before the delivery of the said street-railway iron to the plaintiff, the plaintiff had filed an affidavit in claim and delivery, and the plaintiff, as principal, and W. H. Barnes and George Pusch, as sureties, had made, executed, and delivered to the sheriff a replevy bond, conditioned as required by law; 4. That the plaintiff failed to show a right to the possession of the said property, and has not returned the possession thereof to the defendant; 5. That the value of the said property is $460 and the freight paid by the plaintiff therein." The court further found as conclusions of law from the foregoing facts that the plaintiff had no right to the possession of the property sued for, and had wrongfully taken possession of the same from the defendant company, and that the title to the said property was in the said Goodwins, and the right of possession in the defendant company as a bailee of the aforesaid Goodwins. The court gave judgment against the plaintiff and against his said sureties on. his replevy bond for the return of said property to the defendant company, if return could be had, and, if not, then that it recover of plaintiff and his said sureties the sum of four hundred and sixty dollars, the value of the iron as found, and for costs of suit. From this judgment and the order overruling plaintiff's motion for a new trial, Hall brings this appeal.

The appellant makes the following assignments of error: "First. The court erred in deciding that Hall was not entitled to the possession of the property, the pleadings admitting that he was. Second. The court erred in deciding that Hall was not entitled to the possession of the property, he having an existing lien thereon for the transportation charges he had advanced. Third. The court erred in adjudging that the title in and to said property was in the two Goodwins, title in them not having been plead. Fourth. The court erred in deciding that the title to the property was in the two Goodwins, they being, by the facts shown in the case, estopped from denying that the title to the property was in their brother James. Fifth. The court erred in giving judgment against Hall and his sureties and in favor of the company for the value of said property, the company not being its owner, and having no interest in it. Sixth. The court erred in adjudging that the ownership of the property is in the two Goodwins, their interest therein, whatever it was, having

been transferred to the Tucson Street Railway before this
suit was instituted. Seventh. The court erred in giving judg-
ment against Hall and in favor of the company for the value
of the property, no damages having been pleaded and none
claimed by it. Eighth. The court erred in giving judgment
against Hall and in favor of the company for the 'restoration'
of the property, without adjudging that, on such 'restoration'
being made, the company should return to Hall the amount
he had paid it as its transportation charges." We will con-
sider these in their order.

1. The answer denied the allegation in the complaint that
Hall was the owner, but did not deny the allegation that he
was entitled to the immediate possession, of the railroad iron.
While the answer was defective in this respect, the appellant,
however, made no attempt, before or at the trial, to take
advantage of the defect, but, on the contrary, tried the case
as though the answer put in issue his right to the possession
of the rails. We think, under these circumstances, the defect
in the answer was cured by the judgment. Bliss on Code
Pleading, sec. 442; *Gale* v. *Water Co.*, 14 Cal. 26.

2. The record discloses that Hall, at the time of the insti-
tution of the suit, gave bond, and replevied the property from
the railroad company, and at the time paid the freight
charges due the latter. He contends that, as a lien for freight
is transferable, his payment of the freight charges to the
railroad company gave him a right to retain the property
until those charges were refunded to him, and that the judg-
ment is erroneous, because it does not recognize this right.
The judgment is in the alternative for the return of the
property or the recovery of its value, placed at four hundred
and sixty dollars. It was admitted by Hall that he had, be-
fore trial, sold the iron. That part of the judgment, there-
fore, which provided for the return of the property to the
company without any provision for the repayment of the
freight charges, could not prejudice Hall. Having parted
with the property, the money judgment alone was enforceable
against him. The latter part of the judgment, providing for
the alternative money judgment, fixed the value of the iron
at four hundred and sixty dollars. Upon the trial it was
stipulated that the actual value of the property was four
hundred and sixty dollars, plus $285.52, the amount of the

freight charges. The payment of the freight by Hall is thus taken into account in the judgment, and appellant is not harmed therein.

3. The court found that Hall was not the owner and was not entitled to the possession of the railroad iron, and found that the appellee was entitled to the possession of the property. These findings were in themselves sufficient to support the judgment. It is of no importance, therefore, so far as appellant is concerned, if the additional finding that the title to the property was in T. J. and R. G. Goodwin be, as claimed by appellant, unwarranted by the pleadings. As both the title and right of possession were found not to be in Hall, his taking and detention of the same from appellee, who was at the time of the taking in the actual possession of the same, became tortious and wrongful. The plaintiff in replevin must recover upon the strength of his own title or right of possession, and, in case he fails to establish his title or right of possession, the defendant is entitled to be restored to his possession. *Stanley* v. *Neale,* 98 Mass. 343.

4. To maintain his title to the railroad iron, appellant at the trial put in evidence a transcript from the judgment-docket of the district court of Maricopa County which showed that a judgment had been obtained by appellant, Hall, against James C. Goodwin in the sum of $1,723.94, with interest at eighteen per cent per annum from January 8, 1897, until paid, and $255.64 attorney's fees and costs. The time of the entry of this record of judgment was January 8, 1897. The transcript showed that on March 22, 1897, there was a balance due on said judgment of $920.03. Appellant further put in evidence an execution issued out of said court under said judgment against the property of said J. C. Goodwin, and the return of the sheriff, L. H. Orme, showing that he had on the twenty-third day of March, 1897, "levied upon all the right, title, claim, and interest of James C. Goodwin, the defendant herein named, in, of, and to that certain franchise granted by the board of supervisors of Maricopa County, Arizona Territory, on the fifth day of December, 1892, . . . and all of said defendant's right, title, claim, and interest in, of, and to the cars, rails, and railway, and to all things appertaining to, or used on or in connection with, the Tempe Street Railway, as said defendant's right, title, claim, and inter-

est existed on the 8th day of January, 1897, or any interest that he may have since acquired in and to said property." Appellant further put in evidence a deed from the sheriff, L. H. Orme, to the said Charles L. Hall for the property levied upon as aforesaid, dated November 6, 1897; which deed recited that under said levy and execution the property hereinbefore described was sold at public auction in accordance with law on the seventeenth day of April, 1897, for the sum of five hundred dollars to the said Hall; and further recited that six months had expired without any redemption of the said premises having been made. To further maintain his title, Hall testified that on or about the 9th of April, 1894, there was pending in the district court of Pinal County a suit in which one Cosner and T. J. and R. G. Goodwin were plaintiffs, and appellant, Hall, and one Sullivan were defendants; that during the pendency of said suit it became necessary for the plaintiffs to give bond for costs; that said bond was given, said James C. Goodwin and one Caine being the sureties thereon; that said J. C. Goodwin justified before the court upon said bond, and stated in said justification that he was the owner of the Tempe street-railroad plant. The stenographer who took down the testimony of said Goodwin upon said justification gave similar testimony. The representations made by J. C. Goodwin as to his ownership of the Tempe street-railroad plant, thus made, are relied upon by appellant as constituting an estoppel on the part of T. J. and R. G. Goodwin from thereafter claiming title to the same, and appellant claims that the trial court erred in not so finding. On behalf of the appellee, T. J. Goodwin testified that neither he nor R. G. Goodwin were present at the time J. C. Goodwin justified upon the cost bond; and further testified that J. C. Goodwin was never the owner of said street railway, but that the title to the same was, in 1894, and thereafter continued to be, until the time of the trial of this action, in himself and R. G. Goodwin. The record does not disclose whether the cost bond was approved by the Pinal County court, nor does it disclose that the judgment obtained by Hall against James C. Goodwin had any relation with the said cost-bond, or with any matter connected with the suit of Cosner and others against Hall. For aught that appears in the record, the debt which was the basis of Hall's judgment against J. C.

Goodwin may have existed at the time the latter made the representations as to his ownership of the street-railway plant, and may, in fact, have existed long prior thereto. In order to constitute an estoppel, it should have appeared that J. C. Goodwin's representations resulted in T. J. and R. G. Goodwin deriving some advantage therefrom, with a knowledge of the same, or that Hall would be prejudiced thereby, if those representations were permitted to be denied. As we have seen, the record does not show what was done in the matter of the justification as to sureties on the cost-bond, nor does it show that the judgment subsequently obtained by Hall against J. C. Goodwin had any relation to said cost-bond, or with the suit of Cosner and others against Hall and others; nor does it show that T. J. and R. G. Goodwin had any knowledge of said representations, except such as may be imputed to them by reason of the knowledge that their attorneys had who appeared for them upon the justification of said sureties. We cannot find from the record that the trial court erred in refusing to find that T. J. and R. G. Goodwin were estopped by the representations of J. C. Goodwin from asserting title to the property in question.

5. The relation which the Southern Pacific Company bore to T. J. and R. G. Goodwin with regard to the railroad iron was that of a bailee. As against one who neither had the title nor the right to the possession, a bailee may maintain replevin for the possession of the property which is the subject of the bailment, and may recover its full value from such stranger who may have unlawfully converted it, holding the amount so recovered in excess of his own interest in trust for his bailor. Between the general owner of the property and the bailee, or one having a special interest in the property, a recovery by the latter, in case a return of the property cannot be had, must be limited to the value of the special interest possessed by the latter. The case of *Levy* v. *Leatherwood,* 5 Ariz. 244, 52 Pac. 359, relied upon by appellant in support of his fifth assignment of error, was a case between one who held the legal title to, and who, as against every one except the creditors of his grantor, was a general owner of, the property sought to be replevied, and a sheriff who held the property under writs of attachment, and who therefore had but a special interest in the same, limited to the amount repre-

sented by the attachments. The law of that case has no application to this, for the reason that the court found that Hall was not the owner nor entitled to the possession of the property, and so, as against him, the appellee was entitled to a judgment for the full value of the property, and his right of recovery was not limited to the amount of appellee's lien for freight charges due from its bailors.

6. We find nothing in the record to sustain appellant's sixth assignment of error; on the contrary, the evidence shows that the title to the railroad iron had not been transferred, at the time of the suit, from the Goodwins to the Tucson Street-Railway Company.

7. The appellee, in its answer, claimed a return of the property, and hence, under paragraph 202 of the Revised Statutes, the court properly assessed the value of the property taken, and gave its alternative judgment for the recovery of the same. The court, however, did not, as assumed by appellant in his seventh assignment, award damages against appellant for the taking and detaining of the property. A judgment for the value of the property taken is not a judgment for damages as that term is used in paragraph 202, which provides that "the court or jury must assess the value of the property taken, and the damages for taking and detaining the same," etc.

8. The contention made by appellant in his eighth and last assignment has already been disposed of by us in considering the question raised by appellant's second assignment of error.

We find no reversible error in the record, and the judgment is therefore affirmed.

Street, C. J., and Doan, J., concur.