[Civil No. 799.   Filed March 20, 1903.]
[71 Pac. 963.]

CARL C. L. WULFF, Plaintiff and Appellant, v. L. LINDSAY et al., Defendants and Appellees.

1. PLEADINGS—HARMLESS ERROR—LEVY V. LEATHERWOOD, 5 ARIZ. 244, 52 PAC. 359, CITED.—No prejudicial error was committed by the court in overruling a demurrer to defendant's plea in abatement and a motion to strike, where it subsequently overruled the plea and denied the motion.

2. BROKERS — COMMISSIONS — STATUTE OF FRAUDS — CONTRACTS. — An agreement by a purchaser to pay an agent the sum claimed to be due from the seller as commission for procuring a purchaser, not being in writing, is void under the statute of frauds.

3. CONTRACTS — PAST CONSIDERATION. — Services rendered in the past, without express or implied request of the person benefited by them, will not support a subsequent oral promise to pay for them.

4. BROKERS—COMMISSION—CONTRACTS—CONSIDERATION.—An agreement entered into at the time of purchase after the services were ren-

dered between the purchaser, the seller, and an agent claiming commissions for procuring for the seller a purchaser, that the purchaser and seller would pay. the commissions, is not supported by a valid consideration as against the purchaser.

5. SAME—SAME—SAME—WRITTEN—CANNOT BE VARIED BY PAROL TESTIMONY—ADAMS V. O'CONNOR, 6 ARIZ. 404, 59 PAC. 105; BURMISTER V. EMPIRE GOLD ETC. CO., ANTE, p. 158, 71 PAC. 961, CITED.—An agreement providing that defendant should pay plaintiff a certain commission on any sale "made through him, or to pay the same percentage on any sale made through a certain bond or agreement made to Robert Hennigan of this date on certain mining properties in said agreement in Ures District, state of Sonora, Mexico," will not sustain an action for commission on a sale made through plaintiff of mines situated in the district of Arispe.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Santa Cruz. Geo. R. Davis, Judge. Affirmed.

Docketed and dismissed with costs, 196 U. S. 642, 49 L. Ed. 632.

The facts are stated in the opinion.

Barnes & Martin, and Francis M. Hartman, for Appellant.

Rochester Ford, for Appellees.

KENT, C. J.—In this case a complaint was filed by the plaintiff and answered by the defendants. Later an amended complaint was filed, and the defendants filed an answer to the amended complaint, setting up a plea in abatement and a motion to strike, both of which were not contained in the answer to the original complaint. The plaintiff demurred to these pleas on the ground that they were interposed too late, as they were not contained in the original answer. This demurrer was overruled by the court, and the plaintiff in his appeal assigns as error this action of the court in so overruling his demurrer to the answer. The record shows that the trial court subsequently overruled the plea in abatement and denied the motion to strike. The plaintiff, therefore, even if the action of the trial court complained of was incorrect, which we do not determine, was in no respect prejudiced thereby. No ground for reversal is therefore presented. *Levy* v. *Leatherwood*, 5 Ariz. 244, 52 Pac. 359.

This action was brought to recover commissions alleged to have been due the plaintiff for his services as a broker in bringing about the sale of certain mining property under a certain contract made between the plaintiff and the defendant Lindsay, the owner of the property, whereby he was to receive twenty per cent of the purchase price. He joined as a co-defendant with the seller, Lindsay, the purchaser of the property, one Schmidt, and alleged in his complaint that at the time of the purchase of the property by Schmidt from Lindsay he told Schmidt he was to receive twenty per cent of the purchase price, and that Schmidt then and there agreed with the plaintiff and with Lindsay that, in consideration for the services theretofore rendered to them jointly and severally by the plaintiff, they would pay to the plaintiff twenty per cent of the purchase price, and prayed judgment against both the defendants.

The trial court sustained the demurrer of the defendant Schmidt to the complaint, and judgment was entered dismissing the complaint as against the defendant Schmidt. The appellant assigns this ruling of the court as error. If this agreement on the part of Schmidt is to be considered an agreement to pay the plaintiff an amount claimed to be due him from the defendant Lindsay, it, not being in writing, was void under the statute of frauds. If it was an agreement to pay for the services rendered them jointly in bringing the parties together, and in the negotiations leading up to the sale, the agreement, as alleged in the complaint, being made at the time of the purchase, after the services were rendered, and for services theretofore rendered, the consideration therefor was what is generally termed, though perhaps loosely, an executed or past consideration. It is a general rule that does not need the citation of authorities that services rendered in the past, without the express or implied request of the person benefited by them, will not support a subsequent oral promise by him to pay for them; and such exceptions as there are to the rule are not within the facts as pleaded in this case. The demurrer of the defendant Schmidt was rightly sustained.

The plaintiff based his claim for commissions against the defendant Lindsay on the following written agreement between them, to wit:—

"NOGALES ARIZONA T. Aug. 16. 1899.

"This memorandum of agreement made this day and year above written.

"It is agreed and understood that the L. Lindsay is to pay to Carl C. L. Wulff (20%) twenty per cent, on any sail made through him or to pay the same percentage on any sail made through a certain bond or agreement made to Robert Hennigan of this date on certain mining properties mentioned in said agreement in Ures District State of Sonora Mexico. .

"L. LINDSAY."

The complaint alleged that the plaintiff had been instrumental in bringing about a sale of certain mines of the defendant Lindsay, situated in the state of Sonora, Mexico, in the district of Arispe, and in the Cananea Mountains. The trial court overruled the demurrer of the defendant Lindsay to the complaint on the ground that, while the contract did not refer to mines in the district of Arispe, mining property in the Cananea Mountains might be in the Ures district. The case went to trial as against the defendant Lindsay, and on the trial it appeared that the property sold was in the district of Arispe, and not in the district of Ures. The plaintiff contended that the agreement covered sales in Arispe district, and sought to introduce a former agreement between the parties and other oral testimony to show the facts surrounding the making of the agreement sued upon, and the intention of the parties in making the agreement, and the construction given by them thereto. All this evidence was excluded by the court, and, no further evidence being given, judgment was rendered for the defendants. The plaintiff duly excepted to the rulings, and now assigns error in respect thereto.

This action is not an action based upon a parol agreement. It is brought and based upon the agreement above set forth, and that must stand as the entire contract upon which a recovery can be had. Under this agreement the plaintiff was limited in his claim to commissions for the sale of property in the Ures district. There is no ambiguity in the language or the wording of the .document. It is an agreement for the payment to Wulff of twenty per cent on any sale made through him, or through the bond to Hennigan, of mining

properties in the Ures district, state of Sonora, Mexico. The contention of the appellant is that the agreement is to be construed that Wulff should receive twenty per cent for any sale made by him of properties situated anywhere, or on any sale, through the Hennigan bond, of properties in the Ures district; making the Ures district apply only to the Hennigan sale, and allowing Wulff a commission if he should make a sale of mining property of the defendant, wherever situated. Such a construction requires the introduction of a full or partial stop in punctuation after the word "him," making the clause read "to pay Carl C. L. Wulff (20%) twenty per cent, on any sale made through him." Such a clause does not contain the elements of a contract. It does not even show whether the subject of the sale was mining properties, houses, or cattle. It is a forced and unnatural construction, not warranted by the plain language of the contract. As we have held in the case of *Burmister* v. *Empire Gold M. and M. Co.*, ante, p. 158, (decided at this term,) 71 Pac. 961, where the language of a document, or the specific words used therein, are so obscure or uncertain that the intention of the parties may not be ascertainable therefrom, the court may, in a proper case, receive such evidence as is competent, of the circumstances surrounding the adoption of the instrument, to aid the court in determining the construction to be given thereto. Where, however, as in the instrument sued upon, the language is clear, the only question is, What did the parties mean by the language they used? And this is a question for the court to determine from the instrument itself, without other evidence. The words "in Ures district state of Sonora Mexico" referred to and qualified the whole sentence, and thereby the plaintiff was limited in his recovery to sales made of properties in that district. *O'Connor* v. *Adams*, 6 Ariz. 404, 59 Pac. 105; *Eby's Appeal*, 70 Pa. St. 311; *Coxson* v. *Doland*, 2 Daly, 66; Black on Interpretation of Laws, 151. The trial court so properly construed it, and committed no error in excluding the evidence sought to be introduced by the appellant.

We find no error in the record, and the judgment is affirmed.

Sloan, J., and Doan, J., concur.