[Civil No. 798.   Filed March 20, 1903.]

[71 Pac. 913.]

## GILA VALLEY, GLOBE, AND NORTHERN RAILROAD COMPANY, a Corporation, Defendant and Appellant, v. GILA COUNTY, Plaintiff and Appellee.

1. REPLEVIN—PLEADING—GENERAL DENIAL—GENERAL DEMURRER—NOT SUBJECT TO.—As a general denial in replevin puts in issue every fact stated in the complaint necessary to sustain plaintiff's cause of action, it is error to sustain a general demurrer thereto.

2. APPEAL AND ERROR—AMOUNT IN CONTROVERSY—JURISDICTION—RE-
PLEVIN.—The supreme court has jurisdiction on appeal from a
judgment in replevin, where defendant was in possession at the
time suit was commenced, filed a general denial, and only asked
judgment for its costs, there being nothing in the record on appeal
to show that the property was out of defendant's possession, and
the form of judgment indicating that it was not in plaintiff's pos-
session, the matter in dispute being necessarily the property itself,
which was valued at $448.10.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Gila,
F. M. Doan, Judge.   Reversed.

The facts are stated in the opinion.

Frank W. Burnett, for Appellant.

The demurrer was general to the entire answer; hence if
either defense was good, the ruling was erroneous.   *Stoddard*
v. *Treadwell*, 26 Cal. 294.

The general denial was sufficient, and put the plaintiff to
proof of his demand.   It is equivalent to the general issue at
common law.   *Fay* v. *Cobb,* 51 Cal. 313.

George J. Stoneman, District Attorney, for Appellee.

DAVIS, J.—This was an action in replevin, brought by the
appellee, as plaintiff in the court below, against the Gila Val-
ley, Globe, and Northern Railway Company, to recover from
the possession of said company five crates of iron vault fur-
niture.   The amended complaint set forth that the plaintiff
was the owner and entitled to the possession of said property,
that the same was wrongfully detained by the defendant com-
pany, that the actual value of said property was $448.10, and
contained other averments which sufficiently met the require-
ments of the statute.   To this amended complaint the defend-
ant answered, pleading a general denial of each and every
allegation thereof except that the defendant was a corporation.
The answer also contained another defense, setting up special
matter, which, in the view we take of the case, it will not be
necessary to consider.   The defendant only prayed judgment
for its costs.   The plaintiff interposed a general demurrer to
the answer, which was sustained by the court, and leave

granted the defendant to file an amended answer. Thereafter, the defendant having declined and refused to amend its answer, the plaintiff submitted a motion for a judgment in its favor on the pleadings, which motion was granted. It was thereupon "ordered and adjudged that the plaintiff have and recover from the defendant the personal property described in its complaint [description], and that plaintiff also recover from defendant its costs and disbursements, amounting to the sum of $22.76." The defendant appeals from this judgment.

The appellant claims that the trial court erred (1) in sustaining the demurrer to the answer, and (2) in rendering judgment against the defendant on the pleadings. The demurrer was general to the entire answer; hence, if either defense was good, the ruling was erroneous. This action, formerly termed "claim and delivery" in our statute, has been held to be only a modification of the common-law remedy of replevin. *Carroll* v. *Byers*, 4 Ariz. 158, 36 Pac. 499; *Levy* v. *Leatherwood*, 5 Ariz. 244, 52 Pac. 359. But the peculiar common-law pleadings in replevin do not exist under our practice. Where the code system of pleading prevails, the rule is almost universal that a general denial in a replevin case puts in issue every fact stated in the complaint necessary to sustain the plaintiff's cause of action. *Glazer* v. *Clift*, 10 Cal. 303; *White* v. *Gemeny*, 47 Kan. 741, 28 Pac. 1011, 27 Am. St. Rep. 320; *Loomis* v. *Foster*, 1 Mich. 165; *Oester* v. *Sitlington*, 115 Mo. 247, 21 S. W. 820; *Aultman* v. *O'Dowd*, 73 Minn. 58, 75 N. W. 756, 72 Am. St. Rep. 603; *Aultman* v. *Stichler*, 21 Neb. 72, 31 N. W. 241; *Bailey* v. *Swain*, 45 Ohio St. 657, 16 N. E. 370; *Chamberlin* v. *Winn*, 1 Wash. 501, 20 Pac. 780; *Timp* v. *Dockham*, 32 Wis. 146. And we find nothing in the requirements of our local procedure that would be inconsistent with the application of such rule. Unquestionably, therefore, since there was contained in the answer the defense of the general denial, the pleading, as a whole, could not be considered as obnoxious to a general demurrer. We think the court erred in sustaining the demurrer to the answer, and it follows, for the same reason, that the judgment rendered on the pleadings was also erroneous.

Counsel for the appellee has suggested the question of our jurisdiction to review this case on appeal. It is urged that,

because the defendant failed to demand a return of the property, or to make any claim for damages, but only asked judgment for its costs, the amount involved in the appeal is less than one hundred dollars. Under the provisions of our replevin statute the defendant may, in his answer, demand a return of the property, and assert a claim of damages for the unlawful replevying thereof, but there would be no occasion for any such demand or claim unless the defendant was deprived of the possession of the property. In the case before us there is nothing in the record to show that the property was out of the defendant's possession, and the form of the judgment would indicate that the possession thereof was not, at the time, in the plaintiff. The general denial in this case put in issue both the ownership and the right to the possession of the property, and, the case having apparently gone to judgment with the property in the defendant's possession, the "matter in dispute" was necessarily the property itself, the value of which was alleged in the complaint at $448.10.

For the errors pointed out, the judgment will be reversed and the cause remanded for a new trial.

Kent, C. J., and Sloan, J., concur.