[No. 6,569.—Department No. 2.]

## PICO v. MARTINEZ.

CLAIM AND DELIVERY OF PERSONAL PROPERTY—REPLEVIN—VALUE—JUDGMENT.—Where, in an action of replevin by the general owner of property against one who has a special interest therein, the property has been delivered to the plaintiff, the true value to be assessed and recovered by the defendant—where the suit goes in his favor—is the value of his special or limited interest in the goods recovered.

CONSTRUCTION OF CONTRACT. — THORNTON, J., concurring specially: P. delivered sheep to M. upon a verbal contract that he should keep them for three years for a certain proportion of the increase. Some months afterward, the contract was reduced to writing. *Held*, that the contract was a continuing one from the time M. first received the sheep, and related to that date.

APPEAL from a judgment for the defendant, in the Seventeenth District Court, County of Los Angeles. FAWCETT, J.

The transcript, as originally filed, contains only the judgment roll. Afterward, on suggestion of diminution of the record, a

printed copy of the statement on motion for new trial was filed. In the findings, it is stated that the sheep and goats were delivered in August, 1877, the sheep then numbering 1,989 ; and that there remained of said sheep, on April 6th, 1878, only 1,250 ; that on the latter date, the plaintiff and defendant entered into a written contract respecting said sheep and goats, whereby said defendant was, for a valuable consideration, to take and hold the same for the term of three years from said 6th day of April, 1878, upon the terms and conditions in said written contract specified, none of which said terms or conditions has said defendant broken, or failed to comply with.

The contract appears in the statement, and its material parts are as follows : " Pio Pico, party of the first part, delivers to the party of the second part, Lazaro Martinez, 1,989 head of sheep, which were delivered to him, by order of the party of the first part, by Meliton Alviso, his majordomo ; and the party of the second part binds himself, for the term of three years, to care for the said number which was delivered to him by the said Meliton Alviso, and under the following conditions : * * * It is also understood and agreed, that under no pretext shall the party of the second part be able to dispose of any head of said sheep without the consent of the party of the first part. It is understood and agreed, that if the party of the second part shall make default in any part of the stipulations on his part, the party of the first part shall take possession of all the sheep, and this contract shall be null and of no value." The breach relied upon by the plaintiff consisted in the alleged wrongful sale of some of the sheep by the defendant, and the loss of others by his negligence, after the delivery and before the written contract ; and with a view of showing this, Meliton Alviso was put upon the stand, and the following proceedings took place:

" Q.—How did Martinez take care of those sheep while they were on the ranchito ?

" Objected to by counsel for defendant as immaterial.

" The Court.—That is, at a date antecedent to the written contract ?

" Counsel for plaintiff.—Yes, sir.

" The Court.—I think it is immaterial. The objection is sustained. Plaintiff excepted."

The other facts are stated in the opinion, and in the concurring opinion of THORNTON, J.

*Glassell, Smith & Smith,* for Appellant.

The defendant having only a *special* interest in the property, and the plaintiff being the *general* owner, it was error to give the defendant judgment in the alternative for the *full* value of the property.

The defendant did not prove or allege the value of his special interest. (Wells on Replevin, § 584–586 ; *Seaman* v. *Luce,* 23 Barb. 248 ; *Russell* v. *Butterfield,* 20 Wend. 300 ; *Alt* v. *Weidenberg,* 6 Bosw. 178 ; *Ingersoll* v. *Van Bophelin,* 7 Conn. 671 ; *Treadwell* v. *Davis,* 34 Cal. 606 ; Story on Bailments, § 352 ; Civ. Code of California, § 3338 ; Sedgwick on Damages, 585, and note ; *Booth* v. *Ableman,* 20 Wis. 21.)

The Court erred in sustaining defendant's objection to the question to the witness Alviso.

*Thom & Ross,* for Respondent.

It is claimed that the judgment is erroneous; that the defendant has a special interest in the property only, and that the alternative of the judgment should only be for the value of such interest. But the statute itself has, in express terms, declared what shall be the form of the verdict and judgment in actions of this character—namely, for the return of the property, or *its value.* (Code Civ. Proc. §§ 627, 667 ; *Hunt* v. *Robinson,* 11 Cal. 262; *Nickerson* v. *Chatterton,* 7 id. 568.)

SHARPSTEIN, J.

This is an appeal from a judgment in an action of claim and delivery, and the transcript contains nothing beyond a judgment roll. It appears by the findings that the plaintiff let to the defendant certain flocks of sheep and goats for the term of three years, from the 6th day of April, 1878, upon certain terms and con-. ditions, with which defendant fully complied. On the 6th day of May, 1878, the plaintiff commenced this action for the recovery of said sheep and goats, or for their value. The Court

found that said sheep and goats were of the value of $1.50 per head, and that the defendant was entitled to judgment for the possession of them, or in case a delivery could not be had, for the value of them, and rendered judgment accordingly. The only question that arises upon these findings is, whether the defendant, who had only a special or limited interest in the property, could recover of the plaintiff, who was the general owner, more than the value of such special or limited interest. The pleadings and findings show that the defendant had only a limited or special property in the sheep and goats replevied, and that the general property in them was in the plaintiff.

In New York and Wisconsin, whose codes are substantially the same as ours, as to the character of the judgment to be rendered in a case like this, it has been held that the true value to be assessed and recovered by the defendant is the value of his special or limited property in the goods replevied. (*Searner* v. *Luce,* 23 Barbour, 240 ; *Booth* v. *Ableman,* 20 Wis. 21.) There is no finding as to the value of the defendant's special or limited property in the sheep and goats ; and in the absence of any statement on motion for a new trial, or bill of exceptions, we are not advised whether there was any evidence of its value before the Court. We are satisfied, however, that the value recovered should have been the value of defendant's special or limited property only in the sheep and goats. We discover no other error in the record.

Judgment reversed, and cause remanded for a new trial.

Myrick, J., concurred.

Thornton, J., concurring in the judgment of reversal :

I concur in the judgment in this case, but not on the grounds stated in the opinion of Justice Sharpstein. I am of opinion that if the defendant was entitled to the return of the property, the judgment, as entered, was proper. Under such circumstances he had a right to the return of the property, (for he was then entitled to the possession of it when the action was commenced) and the value was a substitute for the property. Pico could have evaded the payment of the money by returning the property. If Martinez had collected the money under the

judgment, he would have held it as he would have held the property if returned to him, liable to account when the three years period, mentioned in the contract, expired.

The judgment should be reversed because the findings are not sustained by the evidence. The evidence shows satisfactorily that the defendant failed to comply with his contract. This contract was a continuing one from the time the defendant first received the sheep, in August and October, 1877. The contract previously made was only reduced to writing on April 6th, 1878, with some modification which does not affect this decision. The defendant, in effect, acknowledges the receipt of 1,989 sheep by the contract as reduced to writing on the 6th of April. The contract distinctly refers to 1,989 sheep, and makes no reference to 1,250, as found by the Court. (See 25th finding.)

It is stipulated, that under no pretext, shall the defendant dispose of any head of sheep, without the consent of plaintiff. It is established by uncontroverted evidence that the defendant did sell some of the sheep without the consent of the plaintiff, of which he never gave any account to him. Upon the evidence, in my opinion, judgment should have passed for plaintiff.

The article of the contract styled " additional article " allows plaintiff to sell his part of the sheep, or interest, as an *entirety*, but not any particular sheep or any number of head of sheep. That this is the meaning is evident from the further provision of such article, that defendant may be allowed to take the part or interest, *as an entirety*, which belongs to him. He is not allowed to take less than his entire part and dispose of them. This additional article thus does not conflict with the views taken in the first portion of this opinion.

For the reasons above given, in my opinion, the judgment should be reversed, and the cause remanded for a new trial.