[Department One. — June 23, 1883.]

## ADOLPHE BERSON ET AL., RESPONDENTS, *v.* MATTHEW NUNAN, APPELLANT.

CHATTEL MORTGAGE — ATTACHMENT. — Property covered by a chattel mortgage duly executed and recorded cannot be attached without payment of the mortgage debt, or a deposit of the amount with the county clerk or treasurer payable to the order of the mortgagee, as required by section 2969 of the Civil Code.

ID. — CHANGE OF POSSESSION. — The validity of such a mortgage does not depend upon a change in the possession of the property. The title passes to the mortgagee subject to the conditions expressed in the mortgage, and can only be divested by a performance of these conditions. The recording of the mortgage operates as notice to creditors and subsequent purchasers, and is the equivalent of an immediate delivery and continued change of possession.

REPLEVIN — FORM OF JUDGMENT. — A judgment in replevin must be in the form prescribed by section 667 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

*Lloyd & Wood,* for Appellant.

The judgment is not in the form prescribed by the Code of Civil Procedure, section 667.

There was no actual or continued change of possession upon the sale to plaintiffs. (Civil Code, § 3440; *Edwards* v. *Sonoma Co. Bk.* 59 Cal. 149; *Watson* v. *Rodgers,* 53 Cal. 401; *Hesthal* v. *Myles,* 53 Cal. 623.)

*Chas. P. Goff,* for Respondents.

The mortgage debt should have been paid before the levy. (Civil Code, § 2969.)

The mortgage vested the legal title in the mortgagee. (*Heyland* v. *Badger,* 35 Cal. 404; *Stringer* v. *Davis,* 35 Cal. 25; 2 Hilliard on Mortgages, 2d ed. § 277.)

McKEE, J. — This was an action of replevin brought by the plaintiffs to recover certain household furniture which had been seized by the defendant as sheriff of the city and county of San Francisco, under an execution issued in favor of C. H. Voight against Maria Trendle. The seizure was made on the 3d of

November, 1879. At the time, the furniture was in the actual possession of the execution debtor, who was using it in the business of keeping a boarding and lodging house; but she had purchased the furniture from the plaintiffs and had given her promissory note, secured by a chattel mortgage upon the furniture, for an unpaid balance of the purchase money. The mortgage was verified and acknowledged as required by sections 2956, 2957, Civil Code, and was recorded on the 29th of January, 1878, as required by section 2959, Civil Code.

Subsequently to the recording of the mortgage, namely, in April, 1879, the mortgagor also made a formal bill of sale to the plaintiffs of her interest in the furniture; but by an instrument in writing, executed by the plaintiffs and delivered simultaneously with the execution and delivery of the bill of sale, the plaintiffs acknowledged that the bill of sale was intended as security to them for payment of the rent of the house, in which the execution debtor was carrying on the business of keeping a boarding and lodging house.

These transactions were binding between the parties. The title to the furniture passed to the plaintiffs. Under the chattel mortgage it continued vested in them, until it was reinvested by the performance of the mortgage conditions. (*Heyland* v. *Badger*, 35 Cal. 404; *Hackett* v. *Manlove*, 14 Cal. 85.) But the equitable interest of the mortgagor in the property was subject to the disposal of the mortgagor according to law, or to levy on execution sale according to law. Section 2969, Civil Code, provides as follows: "Before personal property mortgaged can be attached or levied upon, the officer must pay to the mortgagee the amount of the mortgage debt and interest, or must deposit the same with the county clerk or treasurer, payable to the order of the mortgagee." By the record of the mortgage the officer had notice of the mortgage debt before making the levy, and after he had levied upon the property, the plaintiffs gave him actual notice of their mortgage claim, and the amount due upon it, and that they also claimed the property by the bill of sale. Yet the defendant neither paid nor deposited the amount of the mortgage debt and interest as required by the Code. The act of the officer in levying upon the property, by the execution in his hands was, therefore, wrongful.

It is contended, however, "that no actual or continued change of possession took place upon the sale from Maria Trendle to plaintiffs."

But a transfer of property by chattel mortgage, executed with the formalities of law and recorded, passes the title, although conditional and defeasible, whether the property be or be not delivered. The rights of the parties to the mortgage are fixed by the Code; they are purely statutory rights, and as the Code declares that such a mortgage is not void as to creditors or subsequent purchasers, for want of an actual and continued change of possession (§ 2957, Civ. Code) the title of the mortgagee is not affected for want of it. (*Heyland* v. *Badger, supra.*)

The object to be attained by requiring the recording of mortgages of personal property is the same as that in providing for the registration of mortgages of real estate. The same general principles are alike applicable in each case. The design is to give notice to the public of all existing encumbrances upon real or personal estate by mortgage. (*Griffith* v. *Douglas*, 73 Me. 534.)

The recording of the mortgage is therefore made by the Code the equivalent of an immediate delivery and continued change of possession, and creditors and subsequent purchasers or encumbrancers are bound by the notice which it imparts. By and under it, the mortgagee is, in law, in possession of the chattels, and an officer having an attachment or execution against the mortgagor, is not authorized to levy upon them without first paying the mortgage debt. (§§ 2969, 2970, Civ. Code; *Moore* v. *Murdock*, 26 Cal. 515; *Swanston* v. *Sublette*, 1 Cal. 124.)

Plaintiffs were therefore entitled to judgment, and upon the admissions made at the trial as to the value of the property, and the waiver by them in open court of findings, judgment was rendered in their favor against the defendant for a return of the property, which, in fact, had already been returned to them, or its value and costs. But the judgment as entered was not in the alternative form required by section 667, of the Code of Civil Procedure, and for that reason it must be reversed.

Order denying motion for a new trial affirmed. Judgment

reversed and cause remanded with direction to enter judgment in proper form.