[No. 11543.   Department Two. — August 31, 1886.]

MARY KELLY, EXECUTRIX ETC. OF WILLIAM WEAR-
MAN, DECEASED, RESPONDENT, *v.* MARGARET MUR-
PHY, APPELLANT.

BILL OF PARTICULARS—FAILURE TO FURNISH—EXCEPTION TO EVIDENCE—
DEMAND—APPEAL.—An exception by the defendant to the introduc- .
tion of evidence in support of the claim of the plaintiff, because of his
failure to furnish a bill of particulars, will not be considered on appeal if
the record fails to show that any demand for a bill of particulars was
made by the defendant.

CONVERSION—INSUFFICIENT DESCRIPTION OF PROPERTY—DEMURRER.—In
an action to recover damages for the conversion of certain personal
property, an objection to the complaint that it does not describe the
property alleged to have been converted with sufficient particularity
must be taken by special demurrer.

PARTNERSHIP—NOTICE OF DISSOLUTION—EVIDENCE.—A notice published
in a newspaper of the dissolution of a firm, and of the continuance of the
business by one of the partners, is admissible in evidence to show who
conducted the business after the dissolution, and in whose possession the
firm property remained.

ID.—OWNERSHIP OF BUSINESS—EVIDENCE.—As tending to show that a
particular business was conducted by a deceased person ostensibly for
himself and in his name, and not for or in the name of another, evidence
that the goods used in the business were sold to him in his own name and
charged to him individually is admissible.

FRAUDULENT SALE—RETENTION OF POSSESSION BY VENDOR—EFFECT OF.—
A sale of personal property not accompanied by an immediate delivery
and followed by a continued change of possession is void under section
3440 of the Civil Code, not only as against creditors of the vendor, but
also as against the executrix of his last will.

PLEADING—ALLEGATION OF COVERTURE—EVIDENCE.—The action was
brought to recover damages for the conversion of certain personal prop-
erty alleged to belong to the estate of one William Wearman. The de-
fendant was sued by the name of Margaret Murphy.   In her answer, she
alleged "that her true name is Margaret Murphy Wearman"; that she

owned and possessed the property in controversy in her own separate
right, "and controlled the same as her separate property independent of
her husband, the said William Wearman." *Held*, that these allegations
did not aver a coverture of the defendant and Wearman, and that evi-
dence thereof was inadmissible.

MARRIAGE — LIVING TOGETHER AS HUSBAND AND WIFE. — An offer to prove
that a man and woman lived together as husband and wife is not an offer
to prove their marriage.

APPEAL from a judgment of the Superior Court of
Yuba County, and from an order refusing a new trial.

The action was brought to recover damages for the
conversion of certain personal property alleged to have
been owned by the plaintiff's testator at the time of his
death, and described in the complaint as the saloon fix-
tures and furniture and stock in trade of liquors, cigars,
and tobacco contained in a certain saloon in Marysville.
Prior to October 2, 1882, the property in controversy
belonged to a firm composed of William Wearman, the
plaintiff's testator, and one Serrett.  On that date, Wear-
man bought out the interest of his partner, and a bill of
sale therefor was given in the name of the defendant.
A notice of the dissolution of the partnership, and of his
intention to continue the business, was thereupon pub-
lished in a newspaper by Wearman.  From the date of
the purchase to the time of his death, Wearman con-
tinued in the sole possession of the property.  Several
months prior to his death, he made a bill of sale of the
property to the defendant, but still continued in its sole
possession, and carried on the business in his own name.
The further facts are stated in the opinion.

*E. G. Fuller*, and *S. M. Bliss*, for Appellant.

*J. H. Craddock*, for Respondent.

SEARLS, C.—This is an action by the plaintiff, as
executrix of the last will of William Wearman, to recover
from the defendant damages for the conversion of cer-
tain personal property belonging to the estate of deceased.

Plaintiff had judgment for two thousand dollars and costs, from which judgment defendant appeals.

At the outset of the trial, defendant objected to the introduction of any evidence in support of the claim of plaintiff, upon the ground that he had served upon plaintiff's attorney a notice calling for a bill of particulars, which had not been furnished as required by section 454 of the Code of Civil Procedure. The objection was overruled by the court, and an exception taken.

1. There is nothing in the bill of exceptions to show that any demand for a bill of particulars was ever made.

If defendant desired to avail himself of the benefit of his exception, it was incumbent on him to so embody the facts upon which the ruling was based in his bill of exceptions that this court could with all the facts before it pass upon the question.

The complaint was defective in that it did not describe with sufficient particularity the goods alleged to have been converted by defendant, and in the face of a special demurrer for that cause, could have been held bad; but it stated a cause of action, and no objection having been made on the ground indicated, it was sufficient.

The notice of dissolution of the firm of Wearman & Serrett, and that Wearman would thereafter conduct the business, etc., was properly admitted in evidence. As published in the newspaper, this notice was such a public declaration as may reasonably be supposed to have come to defendant, and was a circumstance proper to be considered in determining who was conducting the saloon business, and in whose possession the disputed property remained after the dissolution.

Like considerations apply to the admission of the evidence of Marcuse and others, tending to show that they sold goods to Wearman in his own name, and to introduce their bills for such goods to show they were charged to said Wearman individually, and not to defendant.

As evidence that the business was conducted by Wear-

man ostensibly for himself and in his name, and not for or in the name of defendant, the evidence was proper.

The evidence as to the ownership of the property was conflicting, and we are not warranted in disturbing the findings on the ground that they are not supported by evidence.

There was evidence tending to show that notwithstanding the sale of the property to the defendant, as claimed by her, such sale was not accompanied by an immediate delivery and followed by a continued change of possession of the things transferred; and as a consequence of these facts, if they existed, the sale was void, not only as against creditors, but also as against any person on whom the estate of Wearman, the vendor, devolved in trust for the benefit of others than himself. (Civ. Code, sec. 3440.)

Plaintiff, as the executrix of the last will of William Wearman, deceased, the vendor of defendant, is a trustee in whom the estate vests for the benefit of others within the meaning of the code.

There was not a delivery and continued change of possession of the property within the meaning of the rule enunciated in *Stevens* v. *Irwin*, 15 Cal. 503, S. C., 76 Am. Dec. 500, which has been steadily adhered to in this state as a correct exposition of the law in numerous cases. (*Dean* v. *Walkenhorst*, 64 Cal. 78; *Watson* v. *Rodgers*, 53 Cal. 401; *Wiedeman* v. *Frank*, 2 West Coast Rep. 376; *Grum* v. *Barney*, 55 Cal. 254.)

There was no error in excluding the evidence offered on behalf of the defendant to show that she and Wearman lived together as husband and wife.

If she desired to show coverture, it was incumbent upon her to plead it.

In her answer she avers: 1. "That her true name is Margaret Murphy Wearman"; 2. That she owned and possessed the goods and chattels in her own separate right, "and controlled the same as her separate property,

independent of her husband, the said William Wearman, now deceased."

Beyond these expressions, there is nothing in the pleadings to show that the relation of husband and wife existed between defendant and plaintiff's testator.

As allegations showing the relation of husband and wife, they are wholly insufficient.

Again, the offer to prove that defendant and plaintiff's testator lived together as man and wife was not an offer to prove marriage. (*Letters* v. *Cady*, 10 Cal. 533.)

Marriage being properly averred, the evidence indicated would tend to prove the fact,—nothing more.

Taking the pleadings with the proffered testimony, and the only inference we can draw from them is, not that defendant desired to show that she had intermarried with the deceased, but that they had lived together as man and wife.

We are of opinion the judgment should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.