BLEILER, Appellant, vs. MOORE and another, Respondents.

*October 4 — October 23, 1894.*

(1) *Fraudulent conveyances: Relationship of the parties.*  (2, 3) *Appeal: Exceptions.*  (4) *Replevin: Judgment.*

1. Relationship of the parties to a transfer of property alleged to be fraudulent as to creditors is not a badge of fraud, but is simply a circumstance which, when shown, calls for closer scrutiny and clearer explanation of the transaction.

2. An exception to the whole of a sentence in an instruction to the jury is *held* sufficient, although a part of the sentence would have been correct if standing alone, where such part depended upon, and was manifestly intended to be considered in direct connection with, the other part, which was erroneous.

3. A bill of exceptions, properly certified, is conclusive upon this court that an exception contained therein was duly taken.

4. Where property replevied from a sheriff exceeds in value the amount of the execution under which it was taken, and the plaintiff is the owner of the property except as against the execution creditor, the alternative judgment for the defendant, in case a return of the property cannot be had, should be for the amount of his special interest only.

APPEAL from the Circuit Court for *Green* County.

Replevin for a quantity of personal property, consisting of cheese, live stock, grain, and hay. The plaintiff made the necessary affidavit and undertaking, and obtained immediate delivery. Plaintiff was the father of one William J. Bleiler, and claimed title to the property by conveyance thereof from his said son. The defendants were the sheriff and undersheriff, respectively, of Green county, and had seized and held the property upon executions against said William J. Bleiler; and, by answer, they justified such seizure under such executions, on the ground that the transfers thereof to the plaintiff were fraudulent and void· as to creditors, and they demanded the return of the property, with damages, or its value in case return could not be had.

The action was tried before a jury, and much testimony introduced. Among other instructions to the jury the circuit judge gave the following instruction: "The relationship of the parties as father and son is regarded in law as a badge of fraud, and you are to carefully examine the dealings between the plaintiff and his son William for the purpose of ascertaining whether their dealings are upright, honest, and fair, or such dealings are fraudulent and for the purpose of hindering, delaying, or defrauding the creditors of the son." Exception was taken to this instruction by the plaintiff.

The jury returned a verdict to the effect that the plaintiff was not the owner of the property in question, but that it was owned by William J. Bleiler, and that it was not wrongfully taken or detained by defendants, and that defendants were entitled to return thereof, with five cents damages for the unlawful taking, and that the value of the property was $1,800. The plaintiff moved for a new trial on the ground that the verdict was contrary to the law and contrary to the evidence, which was overruled, and excep-

tion taken. Judgment was entered for the defendants for the recovery of the property, or the sum of $1,800 in case delivery could not be had, with damages and costs, and plaintiff appeals.

*J. M. Becker*, for the appellant, argued, among other things, that where property is replevied from a sheriff holding it under an execution and having no other interest in it than that of the creditor whom he represents, if the defendant recovers and the value of the property is greater than the amount of the execution, the amount of his recovery is limited to the amount of the execution, with interest and costs thereon. *Gage v. Allen*, 84 Wis. 323; *Booth v. Ableman*, 20 id. 26; *Battis v. Hamlin*, 22 id. 669; *Warner v. Hunt*, 30 id. 200; *Burke v. Birchard*, 47 id. 35; *Smith v. Phillips*, id. 202; *Gaynor v. Blewitt*, 69 id. 582.

*Jno. Luchsinger* and *J. D. Dunwiddie*, for the respondents, cited Wells, Replevin, § 753; *Whitney v. Hyde*, 91 Mich. 13; *Alderman v. Manchester*, 49 id. 48; *Dawson v. Wetherbee*, 2 Allen, 461; *Johnson v. Neale*, 6 id. 229; *Quincey v. Hall*, 1 Pick. 357; *Whitwell v. Wells*, 24 id. 32; *Kimball v. Thompson*, 4 Cush. 441.

WINSLOW, J. Relationship of the parties to a transaction is not considered in the law as a badge of fraud, and the instruction to that effect was clearly erroneous. Bump, Fraud. Conv. (3d ed.), 56, and cases cited. Relationship is simply a circumstance proper to be shown, and which, when shown, calls for closer scrutiny and clearer explanation of the transaction. The exception taken to this instruction seems to us entirely sufficient. It is true it is taken to the whole sentence, but the sentence is entire, the latter part depending upon, and manifestly intended to be considered in direct connection with, the first part. It is said that the exception was not taken until after the term at which the

case was tried. The exception is contained in the bill of exceptions, properly certified, and this is conclusive upon this court.

For another reason this judgment must be reversed. The proof showed that the plaintiff was the owner of the property in question as against all the world except a creditor of the son who should in a proper proceeding establish the fraudulent character of the transfer by the son. The interest of the defendants in the property was simply a special interest, limited to the amount of the execution levies, which the proof showed to be considerably less in amount than the value of the property. Over and above this special interest, the general ownership of the property was in the plaintiff, even if the transfers to him were fraudulent as to creditors. In this case the defendants have obtained an alternative judgment for the value of the entire property, although their special interest is not much more than one third of the value. Upon a new trial the amount of the defendants' special interest should be ascertained, and only for that amount should they have judgment in the event that judgment is rendered in their favor. *Booth v. Ableman*, 20 Wis. 21; *Farwell v. Warren*, 76 Wis. 527.

We are asked by the appellant to reverse the judgment on the ground that the evidence does not sustain the verdict; but we have examined the evidence, and cannot do so.

*By the Court.*— Judgment reversed, and action remanded for a new trial.