[S. F. No. 1505.    Department Two.—November 10, 1900.]

GEORGE C. ALFERITZ et al., Executors, etc., Appellants, v. JAY SCOTT, Respondent.

CHATTEL MORTGAGE OF SHEEP—RECORD WITHOUT VERIFICATION BY MORT-GAGEE—ATTACHMENT—PURCHASE UNDER EXECUTION.—A chattel mortgage of sheep, recorded without any verification by the mortgagee, as required by law, is void as against an attachment of the sheep by a creditor of the mortgagor, and as against a purchaser of the sheep at a sale under execution by such attaching creditor.

ID.—VERIFICATION BY MORTGAGEE PRIOR TO ATTACHMENT—ABSENCE OF RECORD AND NOTICE.—The fact that the chattel mortgage after its record was subsequently verified by the mortgagee prior to the attachment suit, without any record of the instrument so verified, can give it no additional validity, as against the attaching creditors or the purchaser under the execution sale, neither of whom had any notice of the transaction other than that given by the record.

---

[1] 42 Am. St. Rep. 93.

APPEAL from a judgment of the Superior Court of Fresno County. E. W. Risley, Judge.

The facts are stated in the opinion of the court.

Raleigh E. Rhodes, and Lyman I. Mowry, for Appellants.

The affidavit of Juan Curutcharry, for and on behalf of Mariano Laurenz & Co., the mortgagors, was sufficient. (*Modesto Bank v. Owen*, 121 Cal. 223.) The mortgage was verified by the mortgagee prior to the attachment, and it then complied with the statute.

Stanton L. Carter, for Respondent.

The chattel mortgage, for want of the verification of all the parties, as required by law, when it was recorded, was void as to attaching creditors of the mortgagor, while he remained in possession. (Civ. Code, sec. 2957; Jones on Chattel Mortgages, 2d ed., sec. 248; 3 Am. & Eng. Ency. of Law, 182; *Beamer v. Freeman*, 84 Cal. 554; *Adlard v. Rogers*, 105 Cal. 327; *Cardenas v. Miller*, 108 Cal. 250; *Butte Hardware Co. v. Sullivan*, 7 Mont. 307; *Frank v. Miner*, 50 Ill. 444.) The design of the statute is to give notice to the creditors of the mortgagor that the required acts have been actually performed. (*Griffith v. Douglass*, 73 Me. 534.) The mortgage was not properly verified by the mortgagors. Juan Curutcharry does not swear that he is of the mortgagor company, and the mere *descriptio personae*, preceding the affidavit, by way of recital, does not render the affidavit sufficient. (*Butte Hardware Co. v. Sullivan, supra; Steinbach v. Leese*, 27 Cal. 298; *Baker v. York*, 65 Ark. 142; *Staples v. Fairchild*, 3 N. Y. 41; *Payne v. Young*, 8 N. Y. 158.) The affidavit is to be construed most strongly against the person in whose favor it was made. (*Nebraska M. P. Co. v. Fuehring*, 52 Neb. 541.)

THE COURT.—Action to recover the value of certain sheep alleged to have been converted by defendant. The cause was tried by the court sitting without a jury and defendant had judgment, from which plaintiffs appeal on the judgment-roll.

Plaintiffs claim under a chattel mortgage executed by Mariano Laurenz & Co. to plaintiffs' testate to secure the pay-

ment of a certain promissory note made by the mortgagors. Defendant justifies under writ of attachment and subsequent execution sale of the sheep in question at the suit of one Emil Grunig against the said Mariano Laurenz Company.

It appears from the findings that on April 3, 1895, a chattel mortgage purporting to be between Mariano Laurenz & Co., mortgagors, and Peter Alferitz, mortgagee, was signed as follows: "Mariano Laurenz Company, Juan Curutcharry." The affidavit reads as follows: "Juan Curutcharry, of Mariano Laurenz Company, the mortgagors in the foregoing mortgage named, being duly sworn," etc., and is signed "Mariano Laurenz Company, Juan Curutcharry." The jurat is as follows: "Subscribed and sworn to this 3d day of April, 1895, at Huron, county of Fresno, before me. N. L. Palmer."

No other affidavit was attached to the mortgage at that time. There was a certificate of acknowledgment reading: "Personally appeared Juan Carutchay, known to me to be the person whose name is subscribed to the within instrument, and he acknowledged that he executed the same," etc. The certificate is signed "N. L. Palmer, notary public in and for said Fresno county, state of California." The mortgage was recorded April 5, 1895, with no other affidavit or acknowledgment. When offered in evidence at the trial the mortgage had written thereon the affidavit of Peter Alferitz (the mortgagee) in due form as required by the statute, and was subscribed and sworn to before a notary public November 18, 1896. The mortgage was not recorded after this affidavit was attached to it. There is nothing to show that defendant had any knowledge of this mortgage, or of the transaction out of which it arose, except such as the recording imparted. The attachment suit was commenced April 1, 1897. After the attachment proceedings had been commenced, and after the sheep were thereunder attached, the mortgagors made another mortgage (presumably on the same and other sheep) to secure the note mentioned in the mortgage already referred to and some other indebtedness.

The court found that plaintiffs' testate "is not and never was the owner or in the possession of any of the property described in the amended complaint," and that defendant did

not deprive him of the use or possession of said property; and, as conclusion of law, that the alleged mortgage of "April 3, 1895, was, as to said Emil Grunig, null and void and of no effect," and that said Emil Grunig was "entitled to have said sheep attached upon the said indebtedness," etc.

Respondent urges several objections to the mortgage as affecting the right of defendant to attach and sell the sheep in question. It is not necessary to notice all of these alleged defects.

When the mortgage was recorded it had attached to it no affidavit of the mortgagee, or of any person on his behalf, stating that the mortgage was made in good faith and without any design to hinder, delay or defraud creditors. Subdivision 1, section 2957, of the Civil Code reads as follows: "A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless: 1. It is accompanied by the affidavit of all the parties thereto that it is made in good faith and without any design to hinder, delay, or defraud creditors."

This section of the code requires the affidavit of all the parties to the mortgage to accompany it when recorded, but not necessarily all the members of a corporation or copartnership where the mortgage is made to or by such corporation or copartnership. (*Modesto Bank v. Owens,* 121 Cal. 223.)

The subsequent affidavit made by the mortgagee without recording the instrument was not a compliance with the statute and gave no additional validity to the mortgage; and, had it been recorded after the affidavit of the mortgagee was attached thereto, it would have been notice only from the date of recordation. The creditors of the mortgagors had notice of no other mortgage than such as they found recorded, and, lacking as it did the essential already pointed out, they could proceed by attachment against the property then in possession of the mortgagors regardless of the alleged lien.

The judgment is affirmed.