[Civ. No. 1390. Second Appellate District.—November 22, 1915.]

## S. W. KEISER, Respondent, v. J. H. LEVERING, Appellant.

CLAIM AND DELIVERY—PLEADING—VALUE OF PROPERTY.—A complaint in an action to recover the possession of mortgaged personal property, which contains no allegation showing the value of the demanded property other than that contained in a copy of the mortgage attached to the complaint, which purports to give the value of some of the mortgaged articles, is insufficient, as an allegation of value at the time of filing the complaint.

ID.—RECITALS IN CONTRACT—INSUFFICIENT PLEADING.—Recitals in a contract incorporated in a complaint will not supply the want of essential averments in the pleading.

ID.—JUDGMENT FOR VALUE OF PROPERTY—EXCESS OF INDEBTEDNESS.—
In such an action a judgment for the possession of all the mortgaged
property or for its value in case delivery thereof cannot be had is
excessive, where the indebtedness for security of which the property
was mortgaged does not amount to one-half of such value.

ID.—JUDGMENT—ALTERNATIVE FORM.—In an action to recover the pos-
session of personal property, while the judgment must ordinarily
be in the alternative, yet a judgment that is not in that form is
not void, and whether or not it is even erroneous must depend upon
the facts of the particular case.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
John M. York, Judge.

The facts are stated in the opinion of the court.

Harry L. Dearing, and T. C. Gould, for Appellant.

A. C. Galloway, Wm. L. Jarrott, and James S. Jarrott, for
Respondent.

CONREY, P. J.—This is an action to recover possession
of personal property. From a judgment in favor of the
plaintiff, and from an order denying defendant's motion for
a new trial, the defendant appeals.

By the first count of the complaint it appears that the de-
fendant made to the plaintiff a chattel mortgage securing a
note on which there was due at the time of filing the com-
plaint the sum of $835. The mortgage contained the usual
provision entitling plaintiff to possession of the property, with
right of sale to satisfy his claim whenever default should be
made on the defendant's obligation. The facts of such de-
fault and of demand for possession and of refusal by the
defendant are alleged, which the plaintiff averred are to his
damage in the sum of $835. Defendant demurred separately
to each count of the complaint on the general ground as to
each count that it did not state facts sufficient to constitute
a cause of action, and also on special grounds which we need
not discuss. The demurrer was overruled, and answer filed.
In support of the general demurrer, defendant contends that
the first count does not contain any allegations showing the
value of the demanded property, and claims that an allega-
tion of such value is essential to the cause of action. The

plaintiff in this first count alleges the execution of the mort-
gage, a copy of which is attached to the complaint, ''and
made a part hereof to all intents and purposes the same as if
recited at length herein.'' The schedule of mortgaged arti-
cles as set forth in the mortgage purports to give the value
of some of those articles. Allowing this as an allegation of
value, it would only specify the values at the date of the
mortgage and not as of the time of filing the complaint, unless
we could assume that such values continued unchanged. It
is settled law that recitals in a contract incorporated in a
complaint will not supply the want of essential averments
in the pleading. Thus, where the complaint alleged the
making of a note set forth by copy and the note recited that
it was ''secured by mortgage of even date herewith,'' it was
held that this did not amount to an averment that the note
was secured by mortgage. (*Hibernia Savings & Loan
Society* v. *Thornton,* 117 Cal. 481, [49 Pac. 573] ; *Hayt* v.
*Bentel,* 164 Cal. 681, 686, [130 Pac. 432].)

The contention that a statement of value of personal prop-
erty in an action to recover possession thereof is essential to
the cause of action seems to be based upon the fact that in
such action judgment for the plaintiff may be for the pos-
session, or the value thereof in case delivery cannot be had,
and damages for the detention. (Code Civ. Proc., sec. 667.)
In the earlier cases it was held to be imperative that the judg-
ment be in the alternative form, and such judgments for pos-
session only, without providing for a recovery of the value
thereof in case delivery could not be had, were reversed even
at the instance of the defendant. (*Berson* v. *Nunan,* 63 Cal.
550; *Stewart* v. *Taylor,* 68 Cal. 5, [8 Pac. 605] ; and other
cases.) But this rule was seriously questioned in *Claudius*
v. *Aguirre,* 89 Cal. 501, 506, [26 Pac. 1077], and *Erreca* v.
*Meyer,* 142 Cal. 308, 310, [75 Pac. 826]. The law seems to
be that, while the judgment must ordinarily be in the alterna-
tive, yet ''a judgment that is not in the alternative is not,
however, void, and whether or not such a judgment is even
erroneous must depend upon the facts of the particular
case.'' These later decisions might be sufficient to support a
complaint and judgment for mere possession of property
without regard to the value thereof, if the case as a whole
appeared to be within the jurisdiction of the court; but
could not possibly support a judgment for the value as

specified by the court in its findings where no value was alleged in the complaint. This is important in the present case, as will appear in our further statement of it.

The second count of the complaint in this action alleges the execution of another note and chattel mortgage by the defendant to the plaintiff, upon which at the date of filing the complaint there was alleged to be due the sum of $359.12. This count is similar to the other, except that the second count alleges the value of the property sought to be recovered therein to be the sum of $1,200. The property described in the second mortgage is in part identical with that described in the first mortgage, but some of the original items are omitted and others are added. The defendant in his answer did not deny the allegation of value set forth in the second count, and the court found—as the defendant also admitted—the amount of indebtedness on each mortgage note to be substantially as stated in the complaint. The court found as a fact the total value of the property in the possession of the defendant to be the sum of $970. The judgment is for possession of all of the mortgaged property described in the findings and judgment, or if delivery thereof could not be had, that plaintiff recover from defendant the sum of $970 and specified costs.

Manifestly, the judgment is for an excessive amount. For the reasons heretofore stated, no part of the $970 can be charged against the cause of action stated, or attempted to be stated, in the first count of the complaint; and as to the second count, although it may be that the property involved therein is worth as much as $970, the debt for security of which it was mortgaged by the second mortgage did not amount to half that sum, as stated in the complaint. In *Pico* v. *Martinez*, 55 Cal. 148, which was an action of claim and delivery of personal property, it was held that, where the goods had been taken from the defendant and the judgment was that the defendant was entitled to possession of them, and it further appeared that the defendant had only a special and limited interest in the property, the amount of his recovery under the alternative provision in the judgment must be limited to the value of his special and limited property in the goods, and was not to be measured by the entire value thereof. If this is the rule applicable in the instance of a judgment in favor of the defendant, under section 667

of the Code of Civil Procedure, it ·is equally applicable in the case of a judgment in favor of the ·plaintiff.   Since in the present case the plaintiff's right to have possession of the described property is only claimed for the purpose of satisfying his claims for an indebtedness unpaid to him, and since no special damages are either alleged or proved, it is clear that the value of the property to him cannot exceed the amount of the indebtedness unpaid; and this amount in the present state of the pleadings is limited to the indebtedness shown in the second count of the complaint.

The judgment and the order denying defendant's motion for a new trial are reversed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 21, 1915.