[Civ. No. 1930. Second Appellate District.—February 28, 1916.]

## CHARLES ORCHARDSON, Respondent, v. SHELDON CHRISTIE, Appellant.

CLAIM AND DELIVERY—PLEADING—DESCRIPTION OF PROPERTY—WAIVER OF OBJECTION.—In an action in claim and delivery to recover certain oil paintings, where some of the paintings are not named in the complaint, but are definitely referred to as being pictures made by the plaintiff and at that time held in possession by the defendant, and it is alleged that the subjects thereof are not named and described, because they have escaped the memory of the plaintiff and that defendant has denied him access to the property, an objection to the complaint on the ground that the description of the paintings is insufficient should have been raised by demurrer for uncertainty, and it cannot be raised upon appeal, the complaint stating a cause of action and the defendant having met the issues by answering without demurrer.

ID.—FORM OF JUDGMENT.—A judgment in an action of claim and delivery providing, after ordering recovery of the paintings therein described, "that plaintiff is entitled to judgment for the sum of $12,500 in the event that said pictures are not returned to the plaintiff herein by said defendant," but not using the original form of "do have and recover," etc., is sufficient, as the phrase "in the event that said pictures are not returned to the plaintiff herein by said defendant," is substantially the same as the statutory words, "in case the delivery cannot be had," when viewed in the light of the purpose of that provision in the statute.

ID.—ALTERNATIVE JUDGMENT.—While in such an action a judgment must ordinarily be in the alternative, one that is not is not void, and whether or not it is even erroneous depends upon the facts of the particular case.

APPEAL from a judgment of the Superior Court of Los Angeles County. Willis I. Morrison, Judge.

The facts are stated in the opinion of the court.

Kendrick & Ardis, for Appellant.

Andrew J. Copp, Jr., for Respondent.

CONREY, P. J.—This appeal is from the judgment and is presented on the judgment-roll. The action was brought to recover possession of 110 oil paintings and other pictures, of which the plaintiff was the owner and entitled to their possession, and which were wrongfully detained from him by the defendant.

Appellant's first point is that some of the pictures were not named in the complaint. The judgment purports to be for 105 of these pictures, and they are named in the judgment. Those which are not named in the complaint are definitely referred to as being pictures made by the plaintiff and at that time held in possession by the defendant and it is alleged that the subjects thereof are not named or described, because the subjects have escaped the memory of the plaintiff and that the defendant has denied him access to the property. This objection grounded on defects in description should have been raised by demurrer for uncertainty. The complaint stated a cause of action and the defendant met the issues by answering, without demurrer. (*Kelly* v. *Murphy,* 70 Cal. 560, [12 Pac. 467] ; *Hawley* v. *Kocher,* 123 Cal. 77, [55 Pac. 696].)

Appellant next contends that the judgment should be reversed because it does not provide an alternative recovery for the value of the property in case a delivery cannot be had. (Code Civ. Proc., sec. 667.) The judgment, after ordering recovery by the plaintiff of the property therein described, states "that plaintiff is entitled to judgment for the sum of $12,500, in the event that said pictures are not returned to the plaintiff herein by said defendant," but does not use the ordinary form of "do have and recover," etc. If this amounts to a money judgment, it complies with the statute. If it does not amount to a money judgment, it is difficult to see how the defendant is injured thereby, or how he can claim that there has been any miscarriage of justice which would entitle him to a reversal. The phrase, "in the event that said pictures are not returned to the plaintiff herein by said defendant," is substantially the same as the statutory words, "in case a delivery cannot be had," when viewed in the light of the purpose of that provision in the statute. That purpose is indicated in *Meads, Seaman & Co.* v. *Lasar,* 92 Cal. 221, 225, [28

Pac. 935], as follows: "The plaintiffs are not entitled to recover from the defendants the value of the property, unless they are unable to deliver it. The defendants are entitled to satisfy the plaintiffs' claim by a delivery of the property sued for, and can be compelled to pay its value only in case such delivery cannot be had." In *Keiser* v. *Levering*, 29 Cal. App. 41, [154 Pac. 281], decided by this court November 22, 1915, referring to the subject of form of judgment in actions to recover possession of personal property, we said: "In the earlier cases it was held to be imperative that the judgment be in the alternative form, and such judgments for possession only, without providing for a recovery of the value thereof in case delivery could not be had, were reversed even at the instance of the defendant. (*Berson* v. *Nunan*, 63 Cal. 550; *Stewart* v. *Taylor*, 68 Cal. 5, [8 Pac. 605], and other cases.) But this rule was seriously questioned in *Claudius* v. *Aguirre*, 89 Cal. 506, [26 Pac. 1077], and *Erreca* v. *Meyer*, 142 Cal. 308, 310, [75 Pac. 826]. The law seems to be that, while the judgment must ordinarily be in the alternative, yet 'a judgment that is not in the alternative is not, however, void, and whether or not such a judgment is even erroneous must depend upon the facts of the particular case.' These later decisions might be sufficient to support a complaint and judgment for mere possession of property without regard to the value thereof, if the case as a whole appeared to be within the jurisdiction of the court." Upon the facts of this particular case, we are satisfied that the judgment contains no defect of form that can be of advantage to the defendant upon this appeal.

The judgment is affirmed.

James, J., and Shaw, J., concurred.