[L. A. No. 3835. Department Two.—June 11, 1917.]

JOHN LOOSEMORE, Appellant, v. T. A. BAKER, Respondent.

CHATTEL MORTGAGE—ABSENCE OF RECORDATION AND AFFIDAVITS—PRIORITY BETWEEN MORTGAGEE AND ATTACHING CREDITOR.—A mortgagee of personal property, in possession thereof with the consent of the mortgagor, under a chattel mortgage that was never recorded and that was not accompanied by the affidavits of the parties thereto as required by law, is not entitled to priority over an attaching creditor of the mortgagor, whose attachment lien was based on an indebtedness which had accrued subsequent to the execution of the mortgage, and before he had any notice or knowledge of its existence.

ID.—LIABILITY OF SHERIFF FOR SEIZURE—PROTECTION TO EXTENT OF ATTACHMENT LIEN.—In an action by the mortgagee against the sheriff to recover for the conversion of the property by reason of its seizure under such attachment, the mortgagee is entitled to show the validity of the mortgage as between himself and the mortgagor, and that he was in possession of the property, with the consent of the mortgagor,

at the time of the seizure, and upon the establishment of such facts the sheriff was entitled to protection only to the limited amount in which the attachment lien was superior to the lien of the mortgage.

APPEAL from a judgment of the Superior Court of Kern County, and from an order refusing a new trial. **J. W. Mahon, Judge.**

The facts are stated in the opinion of the court.

Emmons & Hudson, Emmons & Johnstone, and T. F. Allen, for Appellant.

Thomas Scott, and J. R. Dorsey, for Respondent.

HENSHAW, J.—This appeal is from the judgment and from the order denying plaintiff's motion for a new trial. He sued defendant as sheriff of the county of Kern, who, under a writ of attachment, had levied upon and taken possession of certain personal property. Plaintiff offered to prove that the property was in his possession at the time of the sheriff's levy and that his possession was based upon a chattel mortgage for a *bona fide* debt due to him from one Wygal, who had made default in the matter of the payment of the debt. After seizure by the sheriff plaintiff had given him an undertaking and thus had regained possession of the property. The judgment was in favor of the sheriff for the return of the property or its value, found to be the sum of three thousand dollars.

It was shown by respondent, and it is not controverted, that the chattel mortgage was never recorded and that it was not accompanied by the affidavits of the parties thereto as required by law. One C. B. Alexander commenced his action against Wygal to recover the sum of $1,450, for hay sold by him to Wygal within two years next preceding the commencement of the action, which commencement was on the thirteenth day of October, 1911. The chattel mortgage bore date of the 23d of May, 1910. In this action the attachment was issued. Plaintiff in the present action admitted, however, that he was unable to prove that any part of this hay was so sold before the execution of the mortgage, the contrary being contended for by defendant, and that he was unable to prove that Alexander had any notice or knowledge

of the existence of this mortgage until after the hay had been so sold and delivered.

The judgment giving priority to the lien of the attachment under these facts comes strictly within the decisions of this court in *Ruggles* v. *Cannedy*, 127 Cal. 291, [46 L. R. A. 371, 53 Pac. 911, 59 Pac. 827], and *Alferitz* v. *Scott*, 130 Cal. 474, [62 Pac. 735]. If it is thought that anything to the contrary to these decisions is held in *Adlard* v. *Rodgers*, 105 Cal. 327, [38 Pac. 889], it must be considered as superseded by the later decision of the court in Bank above cited. *Lemon* v. *Wolff*, 121 Cal. 272, [53 Pac. 801], also relied on by appellant, contains nothing bearing upon this case. It declares the sound and familiar principle that even a chattel mortgage void for lack of recordation or void for defective verification and acknowledgment may still be good between the parties, and that a mere creditor at large is not in a position to attack it, it being said that "Only a creditor who has acquired a lien upon the mortgaged property by virtue of some legal proceeding, or who is armed with some process authorizing seizure of the property, can question the compliance with these formalities." In this case the creditor had acquired a lien and was armed with process.

Appellant contends that as the attachment lien was only for $1,450, the máximum judgment which should have been given in favor of the sheriff was for that sum, with "fair compensation for the time and money properly expended in pursuit of the property." (Civ. Code, secs. 3336, 3338.) Such unquestionably is the general rule. (*Pico* v. *Martinez*, 55 Cal. 151; *Wilkerson* v. *Thorp*, 128 Cal. 225, [60 Pac. 679]; 34 Cyc. 1568.) Respondent makes answer that this case comes within the exception to the general rule, in that he had taken the property from the owner and was responsible over to the owner for the excess in value of the property above the judgment and costs due to Alexander, and that therefore the judgment in the full amount of the value of the property was proper. Respondent's *legal* position is sound. (*Coos Bay R. R. Co.* v. *Siglin*, 34 Or. 80, [53 Pac. 506]; *Bleiler* v. *Moore*, 88 Wis. 438, [60 N. W. 792]; *Shahan* v. *Smith*, 38 Kan. 474, [16 Pac. 749]; *Witkowski* v. *Hill*, 17 Colo. 372, [30 Pac. 55].) Respondent further argues that the findings show that he did in fact take the personal property from the possession of the owner. All this may be con-

ceded, but the difficulty with the respondent's position arises over the ruling of the court in refusing to allow plaintiff to prove his mortgage, and to prove that he was in actual possession of the personal property at the time of the respondent's levy, for if it be true, as appellant contends, that his mortgage was good as between himself and his mortgagor, and that he had taken possession of the property under his mortgage with the consent of the owner, then, notwithstanding the fact that by virtue of the attachment the respondent acquired a lien superior to that of the appellant, it was indisputably a limited lien for the amount sued for by Alexander, and it would be to this appellant and not to Wygal, the owner, that the respondent would be accountable for the excess in value over and above the sum sufficient to satisfy his lien. These issues, however, were not tried and this judgment cannot stand until they have been tried and determined adversely to appellant's position. The judgment must be reversed and upon the new trial permission should be granted to this plaintiff to establish, if he can, the validity of his mortgage as between himself and the owner and that he was in possession of the property at the time of respondent's levy and seizure.

It is ordered accordingly.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.