[Civ. No. 2982. Fourth Dist. Nov. 9, 1942.]

VELNA L. TEATER et al., Appellants, v. GOOD HOPE DEVELOPMENT CORPORATION (a Corporation) et al., Respondents.

Newby & Newby and Dee Holder for Appellants.

Alford P. Olmstead in pro. per., and Best, Best & Gabbert for Respondents.

GRIFFIN, J.—This is an appeal from a judgment of the trial court rendered after making a finding on certain issues under instructions from the Supreme Court on a previous appeal. (*Teater* v. *Good Hope Development Corporation,* 14 Cal.2d 196 [93 P.2d 112].) A further hearing was had in the trial court. The pleadings were amended and further findings were made. It will be remembered that the original action in the instant case was an action in replevin instituted by the plaintiffs and appellants to recover *the possession* of the fixtures described in the complaint from the named defendants. ■ As the defendants Bank of Perris, C. R. Stewart, sued under the name of H. C. Stewart, C. H. Marker, James H. Hyde, Maude C. Marker, Eugene Best and Alford P. Olmstead admittedly did not at the time in question have possession of the fixtures, the trial court could enter no other judgment except one in their favor on that issue. Possession is a necessary prerequisite in a replevin action. The judgment in their favor was affirmed. (*Teater* v. *Good Hope Development Corporation, supra.*) As the evidence was confusing whether the sheriff Carl Rayburn, Good Hope Development Corporation (hereinafter referred to as Development Corporation) and/or the Dill Lumber Company (hereinafter called the Lumber Company) still retained possession of certain of the fixtures, they were retained as party defendants in the replevin action and the trial court was ordered to clarify the record by appropriate amended pleadings and to make further findings so that the question as to who had actual possession of the fixtures might be determined from the pleadings and record on appeal. Apparently an amended answer was filed clarifying this issue and the trial court has now found (1) that certain fixtures described in the findings were stored in warehouses in Perris, and at the time this action was commenced were *in the possession* and owned by the defendant Development Corporation; (2) that defendant Carl Rayburn, sheriff, took possession of the above mentioned fixtures, and after due proceedings sold them to the Lumber Company; which company now *has possession of them;* (3) that appellants are the owners of and entitled to the possession of a

certain portion of the property described in their complaint, which includes the windows from a corrugated iron mill building, referred to in the previous decision, together with certain other articles found to be a part of the appurtenances and improvements attached to the realty which were wrongfully removed. It was found that all of these fixtures were at all times in the possession of the Development Corporation and not in the possession of the other defendants. It further appears from the findings that the appellants, since the commencement of the action, came into the possession of the articles the court found to have been wrongfully removed by the Development Corporation. It therefore now appears that since the evidence supports the finding that these remaining defendants and respondents Carl Rayburn and the Development Corporation did not have *possession of the fixtures* involved, the action for replevin would not lie as to them and the trial court's judgment in their favor in this respect must be sustained. The only remaining defendant, the Lumber Company, alone filed a cross-complaint against appellants based upon its own claim and the assigned claims of other creditors, endeavoring to quiet title to the fixtures by virtue of a sale under a levy of execution after attachment issued and under a judgment obtained against the Development Corporation. The only issue, therefore, remaining is the question of the validity of that sale.

It is unnecessary to repeat the rule that an assignee of a chose in action ordinarily acquires all of the rights and remedies possessed by the assignor for its enforcement, subject, however, to the defenses which may be urged against the assignor. (3 Cal.Jur., § 41, p. 292.) ▮ The record here indicates that the Lumber Company was the assignee of the assigned claims and for the purpose of collection. This assignment is allowable. (*Hopkins* v. *Contra Costa County,* 106 Cal. 566 [39 P. 933].) The enforcement of the assignor's rights by the assignee depends upon the rights of the assignors.

The former judgment in this action was reversed for the main purpose of having the trial court make a finding as to whether the cross-complainant in respect to its own claim and as assignee of the claims of its assignors, had notice of the provisions of the conditional sales agreement, which conditional sales agreement was held to be a chattel mortgage in respect to certain properties, before parting with the con-

sideration upon which *their debts* (assignors) were founded. The original cause of action was commenced June 23, 1936, by the Dill Lumber Company. It consisted of several causes of action. ▮ The first was a count alleging that the Lumber Company furnished material to one Marker for the benefit of the Development Corporation in the· sum of $773.68, between July 22, 1933, and July 21, 1934. The conditional sales contract, held to be a chattel mortgage, was entered into on June 1, 1933. It was not recorded until September 13, 1934. For reasons stated in the previous opinion, the chattel mortgage was held to be valid only between the maker and persons who, before parting with value, had actual notice thereof. After a further hearing on this issue, the trial court found in part as follows: that the Lumber Company "is now the owner of, in possession of, and entitled to the possession of the property described in . . ." its cross-complaint; that the judgment in favor of the Lumber Company and against the Development Corporation was based in part upon valuable lumber and other building materials furnished by the said company; and that at the time the Lumber Company furnished said materials and parted with the value which constituted the basis of said judgment, it had no notice or knowledge of the contract of January 3, 1933, or of any of its terms or provisions.

The record discloses that the Lumber Company, in respect to its claim on the first count, had no notice of the claimed chattel mortgage or its terms, or that appellants claimed any lien on the fixtures. This fact is not disputed. The finding of the trial court in reference to this count is supported by the evidence.

▮ Count two involves an assigned claim of the Bank of Perris, based upon a $2,400 note executed by the Development Corporation on June 10, 1936, for money *theretofore* loaned to the company covering the period from 1933 to 1936. On the retrial of the issues here presented, Mr. Stewart, who handled loans for the bank, testified that the bank had no notice or knowledge of the contents of any agreement between appellants and the Development Corporation or Marker involving the Good Hope Mine prior to June 23, 1936, which was the date of the levy of the attachment of the machinery located in the warehouse which machinery was found to have been in the possession of the Development Corporation. If appel-

lants relied upon the terms of their letter dated June 27, 1936, to the Lumber Company, to the effect that they were claiming that the removal of the machinery from the mining property was wrongful and in which they demanded the return thereof, as notice to the bank or respondent Lumber Company of a lien they claimed thereon by virtue of a chattel mortgage, such notice was ineffectual for that purpose as the letter was dated four days *after the property was attached,* and long *after the consideration for the loan had been parted with,* and *after the attachment lien had become affixed.* Under these circumstances it has been held that the attachment lien created a lien superior to the chattel mortgage herein involved. (§ 700, Code Civ. Proc.; *Old Settlers Investment Co.* v. *White,* 158 Cal. 236 [110 P. 922]; *Farnum* v. *Hefner,* 79 Cal. 575 [21 P. 955, 12 Am.St.Rep. 174]; *Churchill* v. *More,* 4 Cal.App. 219 [88 P. 290]; Jones on Chattel Mortgages and Conditional Sales, Bower's ed., vol. 1, p. 504, § 317; 10 Am.Jur., p. 786, § 109.) Therefore, any notice acquired by the assignor bank or the assignee Lumber Company, on the 27th day of June, 1936, after the attachment was levied on the property here involved, would be immaterial. (*Wolpert* v. *Gripton,* 213 Cal. 474 [2 P.2d 767]; *Chelhar* v. *Acme Garage,* 18 Cal.App.2d (Supp.) 775 [61 P.2d 1232]; *Alferitz* v. *Scott,* 130 Cal. 474 [62 P. 735].)

The cases cited by appellants (*Boye* v. *Boerner,* 38 Cal. App.2d 567 [101 P.2d 757]; and *Farmers' Exchange Bank* v. *Purdy,* 130 Cal. 455 [62 P. 738]), involve mortgages upon real property. The parties involved in those actions were subjected to the rules applicable to sections 1107 and 1214 of the Civil Code. The mortgage here under discussion was a chattel mortgage and should be construed as in the case of *Old Settlers Investment Co.* v. *White, supra.*

The Supreme Court in the instant case, in reversing the previous decision, stated:

"There is considerable evidence in the record that would support the finding that the Dill Lumber Company, or at least some of the assignors of its various claims, had notice of the provisions of the contract of purchase. It therefore becomes material to the issue presented to determine this fact in support of the judgment quieting title to the property involved. . . ."

The court then ordered:

". . . the judgment is reversed with instructions to the

trial court to take further evidence, if necessary, to allow an amendment of the pleadings to conform to the proof and make the necessary finding on the issue of notice of the appellants' lien, value parted with, if any, by cross-complainant. . . ."

At this second hearing the court should have found on the question of notice as to each assignor in order that we could analyze the evidence on this question. However, the trial court has found that the Lumber Company, as cross-complainant, did not have notice of appellants' lien, which in effect and by inference found that the assignors had no notice thereof because the assignee Lumber Company took such assignment or choses in action subject to all defenses against the assignor. (3 Cal.Jur., § 38, p. 289.) The limited finding on this subject was adequate.

The question involved in the remaining counts is whether the evidence supports the finding that the assignors had no notice of appellants' lien before parting with value and prior to the levy of attachment. The trial court took no further evidence on counts three and four. The third count involved an assigned claim by Alford P. Olmstead in the sum of $1,450, for services as an attorney claimed to have been rendered for the Development Corporation. That count alleges that Olmstead performed legal services for the Development Corporation between October 4, 1934, and June 23, 1936; that the claim was assigned June 23, 1936, to the Lumber Company. On the former hearing Olmstead testified that he was attorney for the Development Corporation in certain matters; that he was not general counsel for it; that he was attorney of record for it in the "moratorium case" filed August 1, 1935; that he argued to the court in that matter "whatever the contract shows."

The moratorium proceeding involved the very contract here in issue. At the further hearing of this case, after reversal, Olmstead failed to testify further in respect to his knowledge or lack of knowledge of its contents. The uncontradicted evidence on this subject does not support the implied finding of the trial court that Olmstead, and accordingly his assignee the Lumber Company (in respect to this claim) did not have notice of the provisions of the contract at the time his services were performed. (*Treat* v. *Burns*, 216 Cal. 216 [13 P.2d 724].) The sale, therefore, in respect to this count, standing alone, would only have passed such title as the Development

Corporation had in the fixtures to the Lumber Company, the assignee, subject to the lien of appellants. (§ 2968, Civ. Code; *Burns* v. *Peters,* 5 Cal.2d 619, 625 [55 P.2d 1182].)

The fourth count involves a similar assigned claim by attorney Best in the sum of $100 for legal services claimed to have been performed by him in the same proceedings with Mr. Olmstead. What was said in reference to the Olmstead claim is equally true as to the Best claim.

The fifth count involved an assigned claim of Mrs. Marker, mother of C. H. Marker, in the sum of $2,633.42, for money claimed to have been loaned by her to the Development Corporation in 1936. C. H. Marker, on the rehearing of this issue, testified that Mrs. Marker had no knowledge of the contract or mortgage here involved at the time the money was loaned or at any time prior thereto. The evidence in respect to lack of notice of the terms of the chattel mortgage by the assignor Mrs. Marker is sufficient to support the implied finding of the trial court on this count.

It therefore follows that the trial court has at least inferentially found, upon sufficient evidence, that the claim of the Lumber Company in the sum of $773.68, the claim of the Bank of Perris in the sum of $2,400, and the claim of Mrs. Marker in the sum of $2,633.42, totaling $5,807.10, were made in good faith, for value, and without notice of appellants' claimed lien under its unrecorded mortgage before parting with value. It must be held, then, that the sale in connection with these particular claims was valid and effectual. The property here involved was sold at the execution sale to the Lumber Company for the sum of $5,000. This sum is less than the total of the above mentioned claims. As the judgment against the Development Corporation was valid, and the sale under counts 1, 2 and 5 above mentioned was effectual and not void and the proceeds under the sale were not sufficient to satisfy even the lien of those claims, appellants cannot now be heard to complain because the claimed liens of the other creditors, Olmstead and Best, under counts 3 and 4, were secondary to appellants' claimed lien on the property here involved. (*Henry* v. *Phillips,* 163 Cal. 135, 140 [124 P. 837, Ann.Cas. 1914A, 39].) The Lumber Company was in rightful possession of the property here involved. Therefore, appellants were not entitled to relief in their *replevin* action as against that company. The judgment of

the trial court quieting its title to that property must be affirmed.

Some exception is taken by appellants to certain rulings of the trial court at the second hearing because it is claimed that the trial judge refused to consider certain testimony respecting a claim filed by the Lumber Company through an assignee against one Keeler under the Federal Bankruptcy Act. It appears that the claim was filed after the execution sale and after the first trial of the present action. We have examined the record in this respect and find no sufficient record or competent evidence from which it could be said that the court erred in its rulings.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.